## ELIAS STRONG *vs.* JOHN S. FOOTE.

A minor fifteen years of age, and the owner of a considerable estate, employed a dentist to fill his teeth, which were decayed and gave him pain, the work being necessary to their preservation. Held to be within the class of necessaries.

The friends of the minor, who was an orphan, had twice previously taken him to the dentist for like services and the bills had been made out against the minor and paid, the guardian furnishing the money without notice to the dentist of any objection. Held that the latter was excused from enquiring as to a guardianship over the minor.

ASSUMPSIT, for services as a dentist; brought to the Court of Common Pleas of New Haven County, and tried to the court on the general issue, with notice of the infancy of the defendant, and that the services were not necessaries, before *Robinson, J.* The court found the following facts:—

The defendant is a minor, aged fifteen, an orphan, and the owner of an estate valued at $60,000. Edward A. Cornwall, of Cheshire, has been for over ten years, and still is, his guardian. The plaintiff is a dentist in the city of New Haven.

In 1870 the defendant was in New Haven on a visit, with his guardian's consent, and was taken by his friends to the plaintiff's office and his teeth were filled at an expense of $66. In 1871 he was again there on a visit and went again to the plaintiff's office and had his teeth filled, at an expense of $4. Bills for both services were made out in the defendant's

name, and were paid without objection, by his guardian, through the hands of his New Haven friends.

In 1873 the defendant was living at school in New Haven, having been placed by his guardian under the personal care of the school teacher, his guardian visiting him once a month and paying his bills. During that time he was afflicted with tooth-ache and went alone to the plaintiff's office to have it cured. An examination of his teeth showed them to be again in bad condition, very much neglected and decayed. The plaintiff told him this, and at his request proceeded to clean and fill his teeth at an expense of $93, leaving them in good order. This work was necessary to the preservation of the teeth, and the charge therefor is reasonable in amount. At the time the work was done the plaintiff knew who the defendant was, that he was fatherless and rich, but made no inquiries whether he had a guardian, and did not know that he had any till near the completion of the work. The guardian had no knowledge that the work was being done till after its completion.

After the work of 1870 was done the guardian had complained to the defendant's friends in New Haven that the expense was too great, and said that no more bills like that should be incurred, and that if the defendant's teeth were so bad he would better have them all out and have a false set. The plaintiff did not know this.

When the work of 1873 was finished the plaintiff, at the defendant's request, sent the bill to the guardian, who still resided in Cheshire, and payment was refused, and has never been made.

Since the bill of 1873 the guardian has had work done upon the defendant's teeth by other dentists, to the amount of about $40.

Upon these facts the court rendered judgment for the plaintiff for the amount of his bill. The defendant brought the record before this court by a motion in error.

*C. W. Shelton,* for the plaintiff in error.

*W. A. Wright,* for the defendant in error.

PARDEE, J. In suits against minors, instituted by persons who have rendered services or supplied articles to them, the term "necessaries" is not invariably used in its strictest sense, nor is it limited to that which is requisite to sustain life, but includes whatever is proper and suitable in the case of each individual, having reference to his circumstances and condition in life.

The defendant applied to the plaintiff for relief from pain and the prevention of its recurrence; he, finding the cause in the defendant's decaying and neglected teeth, immediately began the work of relief and repair, and continued the same from time to time during a period of six weeks, until its completion. It was necessary for the preservation of the teeth and the charge therefor is reasonable in amount. In view of the circumstances of this defendant, we have no hesitation in saying that the services are within the legal limitations of the word "necessaries."

The teeth upon inspection disclosed their condition to the plaintiff; he could see that they had been neglected and were decaying; and the record does not reveal any effort or intention even on the part of the guardian to repair or preserve them.

Again, friends of the defendant in New Haven had twice previously taken him to the plaintiff for dental services, for which bills had been made out in his name, and had been paid; his guardian furnishing the money without warning or objection to the plaintiff. These acts on the part of the defendant and his guardian rendered it unnecessary that the plaintiff should have instituted an inquiry as to a guardianship over the defendant, before performing these last services, as a pre-requisite for a recovery in this suit, the work being necessary to meet an unsupplied want. *Davis* v. *Caldwell*, 12 Cush., 512; *Brayshaw* v. *Eaton*, 7 Scott, 187; *Dalton* v. *Gibbs*, 7 Scott, 117; 2 Greenleaf on Evidence, sec. 366.

There is no error in the judgment complained of.

In this opinion the other judges concurred.