Edwin F. Lamson *vs.* Charles F. Varnum.

Middlesex.    March 7, 1898. — May 20, 1898.

Present: Allen, Holmes, Knowlton, & Morton, JJ.

*Contract — Liability of Father for Debt of Minor Son — Exception.*

At the trial of an action to recover for services as a dentist rendered to the minor son of the defendant, it appeared that the son, who was a boy nineteen or twenty years of age and lived in his father's family, went to the plaintiff while suffering from a toothache and had his teeth filled. After the services were rendered he told the plaintiff to make the charge to his father. There was evidence that twice during the lifetime of the minor the plaintiff sent a statement of his charge for the services to the defendant, and received no reply. Once a statement was sent by mail, postage paid, with a request printed on the corner of the envelope to return to the plaintiff if not called for within five days, and this letter did not come back to the plaintiff. The jury returned a verdict for the plaintiff. *Held*, that the defendant had no ground of exception to the refusal of the judge to rule " that upon all the evidence the plaintiff was not entitled to recover."

CONTRACT, to recover for services as a dentist, rendered to the minor son of the defendant. At the trial in the Superior Court, before *Wardwell*, J., the defendant, who testified that he did not know the condition of his son's teeth, or that the work was performed, requested the judge to rule " that upon all the evidence the plaintiff was not entitled to recover." The judge refused so to rule, and the defendant excepted.

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions, which appear in the opinion.

*J. C. Burke & W. S. Marshall, (J. F. Corbett* with them,) for the defendant, submitted the case on a brief.

*P. A. Fay*, for the plaintiff.

KNOWLTON, J. The only exception in this case is to the refusal of the judge to rule " that upon all the evidence the plaintiff was not entitled to recover." The plaintiff's claim might be established by proof, either that the work done was authorized by the defendant, or that it was necessary for the health and comfort of the defendant's minor son, and that the defendant negligently failed to provide for him a dentist, or means to procure the services of a dentist, to do the work.

Upon this bill of exceptions we are not concerned with the weight of the evidence, if there was any evidence proper for the consideration of the jury. The defendant's son, a boy nineteen or twenty years of age, suffering with toothache, living in his father's family, would naturally be supposed to be authorized by his father in applying to a dentist for surgical treatment. *Angel* v. *McLellan*, 16 Mass. 28. After the services were rendered, he told the plaintiff to make the charge to his father. This was a representation by him that he was authorized by his father to procure the services on his father's credit. There was evidence that twice during the lifetime of the minor the plaintiff sent a statement of his charge for the services to the defendant and received no reply. Once the statement was sent by mail, postage paid, with a request printed on the corner of the envelope to return to the plaintiff if not called for within five days, and this letter did not come back to the plaintiff. It was a question of fact for the jury whether the circumstances were such that the defendant would have been likely to make some answer if the bill had been contracted without his authority.

If they answered this question in the affirmative, they properly might draw an inference against the defendant. *Sturtevant* v. *Wallack*, 141 Mass. 119, 123. They might disbelieve such parts of the defendant's testimony as tended to show that he was not liable, and from all *t*he circumstances of the case they might believe that he authorized his son to procure the services on his credit, either by an express statement or by a course of conduct which impliedly covered the transaction.

Whether there was any evidence to charge him on the ground of his neglect to furnish his son the dental services that he needed, it is unnecessary to decide.                    *Exceptions overruled.*