EVA A. AURINGER & another *vs.* J. EUGENE COCHRANE.

Suffolk. October 16, 1916. — November 29, 1916.

Present: RUGG, C. J., LORING, BRALEY, PIERCE, & CARROLL, JJ.

*Contract,* Implied, Ratification, What constitutes. *Agency,* Ratification. *Parent and Child. Infant. Evidence,* Admission by conduct, Silence as evidence of consent, Relevancy and materiality.

At the trial of an action by a dressmaker against a father for the value of wearing apparel and work and labor furnished the defendant's daughter, where it appears that the goods and labor furnished and performed were not necessaries and were not needed for the health and comfort of the daughter, evidence is admissible, in explanation of the account against the defendant and as bearing upon the issue whether there had arisen an implied contract by the father to pay therefor, that, when the daughter first came to the plaintiff, she was accompanied by her mother, who told the plaintiff that the daughter was eighteen years of age and that the defendant would be responsible for the bills, and that the plaintiff understood that the statement as to the daughter's age was made to guide the plaintiff in the selection of suitable apparel.

At the same trial evidence also is admissible that the plaintiff at the end of each month sent a statement of that month's charges to the defendant, that at the end of the second month and at the end of the third month the plaintiff wrote the defendant· letters seeking payment of the account and finally wrote demanding payment, and that the defendant made no reply to these communications, such evidence tending to show that at the end of the first month the defendant had notice of the credit being given to him on his daughter's behalf and, by his silence, assented to its continuance.

On the evidence above described a finding for the plaintiff as to all items of charge after those of the first month was warranted although it appeared that the reason that the defendant did not reply to the plaintiff's communications was a mistaken understanding on his part that his daughter was of age.

If a father desires to repudiate as unauthorized an agreement which his wife undertook to make in his behalf to pay for goods and work furnished to and done for his daughter, he is bound to act with reasonable promptness when he first becomes aware of such unauthorized agreement; and if he remains silent after such notice, a tradesman who, relying on such silence, in good faith continues to furnish goods and work upon the father's credit, has a right to assume that the indebtedness is being incurred upon his credit, and the father may be held liable for such of the indebtedness as was incurred after the notice was received by him.

CONTRACT for the value of wearing apparel and work and material furnished by the plaintiffs, who were dressmakers, to the defendant's daughter. Writ dated February 25, 1914.

In the Superior Court the action was heard by *Aiken,* C. J., without a jury. The material evidence is described in the opinion. The Chief Justice found for the plaintiffs in the sum of $1,315.44 with interest from the date of the writ; and the defendant alleged exceptions.

*W. C. Cogswell,* for the defendant.

*A. Whiteside,* (*C. Bigelow* with him,) for the plaintiffs.

BRALEY, J. The plaintiffs are dressmakers, who sue for gowns and hats furnished to the defendant's daughter while a member of his household. It having been found by the trial judge that "neither the goods furnished nor the work done were necessaries; they were not needed for the health or comfort of the daughter, and the defendant had supplied and was ready to supply apparel suitable and sufficient for her welfare and proper and befitting the family's social and financial position," the plaintiffs cannot recover unless there was evidence of an express or implied contract.

The evidence that when the defendant's wife and daughter first went to the plaintiffs, the wife told them that her daughter was eighteen years of age, and that she desired her to be suitably supplied with clothing, and that her father, the defendant, would be responsible for the bills, was competent not only for the purpose of showing to whom the plaintiffs understood they were giving credit, but in explanation of the account, and, the judge having found that they supposed the mother's statement as to the daughter's age was for their guidance in the selection of the proper styles and kinds of apparel to be ordered, there was no error in the admission of this evidence. *James* v. *Spaulding,* 4 Gray, 451, 452. *Pettey* v. *Benoit,* 193 Mass. 233, 236. *Niles* v. *Adams,* 208 Mass.

100, 103. It did not however show a contract binding on the defendant, as the judge correctly ruled.

The plaintiffs after a month's trading sent to the defendant an itemized bill, to which he made no reply. A second letter and bill followed, including additional charges for the succeeding month, and, no answer having been received, a third letter and bill showing the previous items, as well as charges for the third month was mailed, and, failing to obtain any response, the plaintiffs then wrote to the defendant demanding an answer and settlement. The letters were admissible. They were not under the circumstances self-serving declarations, but statements of the defendant's contractual relations to them, which rested on the statements of his wife. *Thayer* v. *White*, 12 Met. 343. *Foster* v. *Rockwell*, 104 Mass. 167, 171, 172. It is plain that after the transactions of the first month for which he was found not to be liable, the defendant, as stated in the findings of the judge, had notice that the plaintiffs were dealing with his wife and daughter upon the implied understanding from his silence that he would be responsible for the articles furnished. It appears that his failure to communicate with them arose from his belief that his daughter's minority ceased at the age of eighteen years, and from the reception of the first bill two months elapsed before his counsel replied disclaiming all responsibility. If the defendant desired to repudiate as unauthorized the pledging of his credit, he was bound to act with reasonable promptness when he became aware of what had been done, and that the plaintiffs in good faith were acting upon his wife's representations. *Foster* v. *Rockwell*, 104 Mass. 167, 172.

The finding that the plaintiffs had a right to assume and did assume that the indebtedness incurred in the last two months was being contracted with his authority having been warranted, the defendant was rightly held liable for the amount. *Sturtevant* v. *Wallack*, 141 Mass. 119. *Lamson* v. *Varnum*, 171 Mass. 237, 238. The request that "upon all the evidence the finding should be for the defendant" was rightly denied.

*Exceptions overruled.*