## Anna Bisbee *vs.* Kieran McManus.

Suffolk.   November 14, 1917. — January 4, 1918.

Present: Rugg, C. J., Braley, Crosby, Pierce, & Carroll, JJ.

*Infant*, Liability of father.   *Sale*, Ratification.   *Practice, Civil*, Rulings and instructions.

In an action to recover the price of hats and veils furnished to infant daughters of the defendant to wear at the funeral of their mother, if it appears "that the defendant neither expressly nor impliedly authorized the purchase of the goods," but it appears that he permitted his minor daughters to use the articles, which were purchased by them from the plaintiff with his knowledge, and that he afterwards offered to pay a certain price for the articles, which his daughters asserted was the agreed price, it can be found that he adopted and ratified the purchase.

In the same case it appeared that the defendant was a workman earning $18 a week, and it was *held* that it could not be ruled as matter of law that the four hats and two veils furnished to the defendant's four minor daughters for the total price of $14 to wear at their mother's funeral were not in the class of necessaries.

In the same case the plaintiff claimed $14 as the reasonable price of the hats and veils, and the defendant's evidence tended to prove an express contract of the plaintiff with the daughters to furnish the hats and veils for $8.   The judge refused to rule at the defendant's request "That if the plaintiff is entitled to recover in any amount then that amount cannot exceed the amount agreed upon by and between the plaintiff and the defendant's daughters." *Held*, that the refusal of the judge was right, as the ruling refused assumed the truth of a disputed fact.

Contract on an account annexed for $14 as the price of four mourning hats and two mourning veils furnished to the defendant for the use of his minor daughters.   Writ in the Municipal Court of the City of Boston dated March 3, 1916.

The evidence at the trial in the Municipal Court is described in the opinion.   The defendant asked the judge to make five rulings.   Of these the judge made the third, which was as follows: "That the defendant neither expressly nor impliedly authorized the purchase of the goods set forth in the account annexed."

The other rulings requested by the defendant were as follows:

"1. That upon all the evidence the plaintiff is not entitled to recover.

"2. That upon all the evidence and the pleadings the plaintiff is not entitled to recover."

"4. That if the plaintiff is entitled to recover in any amount then that amount cannot exceed the amount agreed upon by and between the plaintiff and the defendant's daughters.

"5. That 'hats' and 'veils' are not 'necessaries.'"

The judge refused to make any of these rulings and found for the plaintiff in the amount set forth in the account annexed. At the request of the defendant he reported the case to the Appellate Division.

The Appellate Division made an order that the report be dismissed, and the defendant appealed.

The case was submitted on briefs.

*B. J. Killon,* for the defendant.

*J. F. Myron,* for the plaintiff.

PIERCE, J. This was an action of contract on an account annexed, to recover $14 for four hats and two veils sold and delivered to the daughters of the defendant on his credit.

The evidence for the plaintiff shows that the defendant was in the employ of the city of Boston earning $18 per week; that his wife died on December 27, 1915; that the plaintiff came to his house on the morning of the death of the wife; that four minor daughters lived at home; that the two oldest daughters asked the plaintiff to make and procure for them and for the two younger children hats and veils to be worn at the funeral of their mother; that the hats and veils were delivered; that the price was not agreed upon; that the price charged was reasonable; that the defendant was present during the conversation in which the hats and veils were ordered, but took no part in it; that the daughters were told the price four days after the funeral and they stated that their father would not pay so much; that demand was made upon the defendant eleven days after the funeral and he said he would ask his daughters about the matter, and later he offered the plaintiff $8 and refused to pay more.

The evidence for the defendant tended to prove an express contract to furnish hats and veils for $8; that the defendant did not authorize his daughters to purchase hats and veils from the plaintiff and that he had never previously authorized his daughters to purchase hats from the plaintiff.

The presiding judge found for the plaintiff for the full sum set forth in the account annexed. His ruling "That the defendant

neither expressly nor impliedly authorized the purchase of the goods set forth in the account annexed," is not inconsistent with a finding that the defendant adopted and ratified the contract by permitting his minor children to retain and use the articles purchased from the plaintiff with his knowledge, as also by his offer to pay the price which his daughters contended was the sum stipulated to be paid.

Upon the evidence it cannot be said that hats and veils for the purpose purchased are not within the class of "necessaries." Nor could it have been ruled that upon all the evidence and the pleadings the plaintiff was not entitled to recover. The request to rule "That if the plaintiff is entitled to recover in any amount then that amount cannot exceed the amount agreed upon by and between the plaintiff and the defendant's daughters," assumes the proof of a disputed fact, and was refused rightly.

*Order dismissing report affirmed.*