## Jonas H. Vaughan vs. William P. Mansfield.

Middlesex.   January 8, 1918. — February 26, 1918.

Present: Rugg, C. J., De Courcy, Crosby, Pierce, & Carroll, JJ.

*Husband and Wife. Agency. Evidence, Presumptions and burden of proof. Limitations, Statute of. Payment.*

In an action by a physician for charges for services rendered to the wife and minor child of the defendant, where the evidence warrants a finding that the defendant had seen the plaintiff at the defendant's house and knew that the visits were made by the plaintiff as a physician in response to calls from the defendant's wife, and where there is no evidence that the defendant ever had forbidden the plaintiff to render or his wife or child in the plaintiff's presence to receive the services of the plaintiff on his account, the facts, that the defendant privately had instructed his wife never to run any bills and from time to time when she told him she needed it had given her money to pay all expenses, do not rebut the presumption of the agency of the wife, which is an inference from her relation to her husband as the manager of his household, to pledge her husband's credit for medical services that are reasonably necessary for her or the family, and therefore in such an action it is right for the presiding judge to refuse to rule at the request of the defendant "that the defendant was not liable to the plaintiff for this bill, even if it was for necessaries furnished to his wife and minor child, unless the defendant refused or failed or neglected to furnish them himself."

In an action by a physician on an account annexed for charges for services rendered to the wife and minor child of the defendant, where the defendant had pleaded the statute of limitations and the plaintiff's claim was barred by the statute unless a certain payment of $5, which was credited in the plaintiff's account, had been made to the plaintiff by or in behalf of the defendant at the date alleged, the plaintiff testified that "he had received a payment of $5" on the account at the time alleged, but he offered no evidence to prove that the payment was made by the defendant, by the defendant's wife or by any one who had authority to act for the defendant. *Held*, that there was no evidence on which the jury could find an acknowledgment on the part of the defendant of an existing liability at the time of the alleged payment of $5, and that they should have been instructed to that effect.

CONTRACT on an account annexed for $116.06 for professional services as a physician, showing items of charges for medical attendance from November 24, 1903, to November 12, 1910, amounting to $90.50, with a credit item of cash July, 1908, of $5, leaving a balance of $85.50, and with an item of $30.56 for

interest, making a total of $116.06. Writ in the First District Court of Eastern Middlesex dated October 24, 1913.

The defendant's answer, as amended, besides a general denial set up the statute of limitations, alleging that the plaintiff's cause of action did not accrue within six years from the date of the writ.

On appeal to the Superior Court the case was tried before *Keating,* J. The plaintiff testified that he had made the visits at the times and dates set forth in his declaration and made the charges for the separate visits as therein specified; that his first visit was on November 24, 1903, and his last visit was on November 12, 1910; that he received from the defendant $25 in January, 1904; that he was unable to distinguish what visits were for the purpose of treating the defendant's wife, the child or the defendant himself; that he had been called by the defendant's wife on many of the occasions, but that on some of the occasions the defendant himself personally had called him to attend to the defendant's wife; that on the date set forth in his declaration he had received a payment of $5 on this account; that he had sent bills from time to time to the defendant's residence through the mail, but that no other payments had been made. On cross-examination the plaintiff testified that he did not have the book in court with him on which the payment of $5 was entered, but that he knew it was in July, 1908; that he gave the defendant credit for the money that was paid on this account; that he had never made any demand upon the defendant for payment of the bill except to send bills to the defendant's home address through the mail directed to the defendant, until 1912, and that he then knew that the defendant's wife had left the defendant and had left the country; that in 1912 he saw the defendant and asked him to pay the bill. On redirect examination he testified that so far as he knew on each occasion that he treated his family it was with the defendant's knowledge.

The defendant testified that between 1902 and 1911 he lived with his wife and minor child in a house in Everett opposite the house of the plaintiff; that he did not authorize his wife to contract a bill with the plaintiff; that he ran only one bill, and that was a grocery bill that he paid himself; that he had instructed his wife never to run any bills, that he did not want her to run bills; that he gave her money from time to time to pay all expenses,

and that she would tell him from time to time when she needed money and he would give it to her then, or, if he did not have it at the time of asking, later on; that he had no recollection of ever calling the plaintiff to attend his wife or child; that he had no recollection of ever being ill himself or consulting the plaintiff professionally; that he did not know of the existence of any claim of the plaintiff against him until 1912; that in 1910 his wife had left him and gone off with another man; that he obtained a divorce from her in 1911, and that in 1912 when the claim of the plaintiff first was brought to his knowledge his former wife was, so far as he knew, in California, married again and that he had never seen her from the time this claim was made upon him to the present day.  On cross-examination the defendant testified that he did not always give money to his wife when she asked him for it, as he at times did not have it at that moment, but that he would give her money later on for proper bills; that he had seen the plaintiff in his house, but that he had no recollection of ever calling him there.

The judge instructed the jury in substance "that a husband is required to furnish necessaries to his wife and minor child and he is liable for the necessaries furnished to his wife and child when they live with him, and, if the plaintiff's services were necessary to the defendant's wife and minor child, the defendant would be liable for their reasonable cost."  To this instruction the defendant excepted, and asked the judge in view of such instruction to instruct the jury further that the defendant was not liable to the plaintiff for this bill, even if it was for necessaries furnished to his wife and minor child, unless the defendant refused or failed or neglected to furnish them himself.  The judge refused to give this additional instruction, and the defendant excepted.

The judge further instructed the jury as follows:

"Now, the plaintiff says, in reference to the statute of limitations, that there was a part payment of the indebtedness to the plaintiff by the defendant in July, 1908, and that that part payment prevented the operation of the statute of limitations.  So the question on this branch of the case for you to determine is: Was there a part payment made by the defendant or by his authority in July, 1908?

"The plaintiff testified from an entry he had made in his book

that that payment was made, and as I recall the testimony he gives the defendant credit for having made that payment. A receipt has been produced here by the defendant showing a payment, if I remember rightly, of $25 in January, 1904. Was that payment in July, 1908, made by the defendant or by some one for him, by some one acting as his agent? If it was not, if it was made by some one who had no authority to make it for the defendant, then it would not be a payment by the defendant; but, if it was made by the defendant in July, 1908, then that payment is an acknowledgment by him of the existence of the indebtedness and it raises an implied promise on his part to pay the balance of the indebtedness. So you see, if you find that necessary medical services were rendered to the defendant, or his wife, or child while they were living together, and if you find that he made that payment in July, 1908, there would be due to the plaintiff the reasonable value of the medical services from 1904 to November, 1910; and, if you find that the reasonable value would be represented in dollars and cents at $83.50, you will allow that as your verdict for the plaintiff." To this instruction the defendant excepted.

The jury returned a verdict for the plaintiff in the sum of $98.92; and the defendant alleged exceptions.

The case was submitted on briefs.

*C. H. Stebbins & A. E. McCleary,* for the defendant.

*E. E. Spear,* for the plaintiff.

PIERCE, J. It is not in dispute that the medical services for which the plaintiff seeks compensation were required by, and were rendered to, the wife and minor child of the defendant as alleged. The evidence warranted a finding that the defendant had seen the plaintiff at the defendant's house and that he knew the visits there were made by the plaintiff as a physician in response to calls from the wife of the defendant.

The defendant offered a receipt for $25, tending to prove that he had paid an account which included as its last item the first item for services in the plaintiff's account. There was evidence that the plaintiff had sent bills from time to time to the defendant's residence through the mail. There was no evidence that the defendant ever had forbidden the plaintiff to render, or the wife or child in the presence of the plaintiff to receive, the services of the plaintiff on his account. *Alley* v. *Winn,* 134 Mass. 77, 78.

*Dolan* v. *Brooks,* 168 Mass. 350, 352. *Debenham* v. *Mellon,* 6 App. Cas. 24. *Harrison* v. *Grady,* 13 L. T. (N. S.) 369. *Baker* v. *Carter,* 83 Maine, 132. *Auringer* v. *Cochrane,* 225 Mass. 273. It follows that the charge in this regard was sufficiently favorable to the defendant and disposes of the exception of the defendant to the refusal to rule "that the defendant was not liable to the plaintiff for this bill, even if it was for necessaries furnished to his wife and minor child, unless the defendant refused or failed or neglected to furnish them himself."

Under these circumstances the presumption of the agency of the wife, which is inferred from her relation to her husband as manager of the household, to pledge her husband's credit for medical services that are reasonably necessary for her or the family, is not rebutted by proof that the defendant privately had instructed his wife never to run any bills and had given her money from time to time to pay all expenses when she told him she needed it.

In answer to the defence that the action is barred by the statute of limitations, the plaintiff testified "he had received a payment of $5" on the account in July, 1908. He offered no evidence to prove the payment was made by the defendant, by the wife of the defendant or by any one who had authority to act for the defendant. We are of opinion that this testimony went no further than proof of payment by a stranger and was insufficient as evidence for a jury to find an acknowledgment on the part of the defendant of a subsisting liability; and we think the jury should have been so instructed. *Gillingham* v. *Brown,* 178 Mass. 417. *Butler* v. *Price,* 115 Mass. 578. See *Palethorp* v. *Furnish,* 2 Esp. 511 n.

*Exceptions sustained.*