Roy R. Stimpson *vs.* Frederic N. Hunter.

Worcester.   September 29, 1919. — November 24, 1919.

Present: Rugg, C. J., De Courcy, Crosby, Carroll, & Jenney, JJ.

*Contract,* What constitutes, Implied, Ratification.   *Infant.   Parent and Child. Dentist.   Evidence,* Admissions and confessions.   *Witness,* Failure to testify. *Practice, Civil,* Ordering verdict.

At the trial of an action against a father upon an account annexed for services as a dentist rendered to the defendant's minor son, there was evidence that the services were performed and that they were necessary for the health of the son.   There was no evidence that the father knew that the work was necessary or that he knew that it was being done.   At the time when the work was done, the plaintiff did not know the father's name and the services were not rendered on his credit.   *Held,* that there was no evidence warranting the submission to the jury of a question, whether the work was authorized by the father.

At the trial of the action above described, it further appeared that the work was charged to the son personally on the plaintiff's books, and that, after it was completed, a bill was sent to the son; that afterwards, the plaintiff having ascertained the father's name, bills were sent to the father, some of which were made out to the son.   On one of the bills made out to the son and sent to the father, the plaintiff wrote, "Will you kindly let me have the above amount this month?"   The father returned this bill with the statement, signed by him, "You won't get any money on this bill for quite some time yet."   Thereafter a bill, made out to the father, was sent to the son.   There was no evidence that this bill was called to the father's attention before the action was brought.   He did not reply to it.   *Held,* that there was no evidence warranting a submission to the jury of the question, "Was the work done by the plaintiff . . . ratified by the defendant?"

The sending to a father of a bill for dentist's services rendered to and charged to his minor son is not notice that a claim had been or was then made against the father for the services; and therefore, a reply by the father to such a bill, stating that the dentist would not get any money on the bill "for quite some time yet," was not evidence either of an admission by the father of liability or of ratification by him of the work being done upon his credit.

A failure of a father to make any reply to a letter sent to his minor son and containing a bill, charged to the father, for dental services rendered to the son, is not evidence, in an action against the father, of an admission of liability or of ratification by the father, where it does not appear that the father knew that the services were being rendered or that he received the bill before the bringing of the action.

A failure of a defendant, although present in court, to testify or to offer evidence in his own behalf is not evidence tending to support the allegations of the plaintiff's declaration unless and until the plaintiff has produced evidence warranting a submission of the action to a jury.

In the action above described there was no evidence that the father knew or ought to have known, at the time when the plaintiff performed his services, that the son's teeth needed attention or that the father neglected to provide for the care of the son's teeth, and it was *held* that it was error to submit to the jury the question, "Did the defendant neglect to furnish his son the dental services that he needed?"

In an action on an account annexed for dental services, where the defendant rests at the close of the plaintiff's evidence and the jury answer favorably to the plaintiff certain special questions bearing upon the defendant's liability but not upon the amount of damages, it is error to order the jury to find for the plaintiff for the full amount of his claim.

CONTRACT upon an account annexed for $78 for professional services as a dentist rendered to the defendant's minor son, Harold Hunter. Writ in the Central District Court of Worcester dated December 10, 1918.

On appeal to the Superior Court, the action was tried before *Keating,* J. The material evidence is described in the opinion. The defendant rested at the close of the plaintiff's evidence. The judge submitted to the jury the following special questions:

"1. Was the work done by the plaintiff authorized or ratified by the defendant?

"2. Was the work done by the plaintiff necessary for the health and comfort of said Harold Hunter?

"3. Did the defendant neglect to furnish his son the dental services that he needed?"

The defendant excepted to the submission to the jury of the first and third questions. The jury answered all of the questions in the affirmative; and thereupon, but subject to an exception by

the defendant, the jury, by order of the judge, found for the plain-tiff in the sum of $80.81.   The defendant alleged exceptions.

The case was submitted on briefs.

*A. Monroe,* for the defendant.

*C. S. Murphy,* for the plaintiff.

JENNEY, J.  Harold Hunter, the minor son of the defendant, came to the plaintiff, a dentist, for professional work.   There was evidence that he was then between seventeen and eighteen years of age; that "his teeth needed attention very much;" and that while there was not "any immediate suffering on his part," the condition of his teeth could not have continued long without injury to his health.   The plaintiff testified that he "put in . . . eight amalgam fillings, two cement fillings, eleven enamel and three porcelain teeth, and treated the roots of four."   The work commenced on October 27, 1917, and continued from time to time until May 4, 1918.   It was not contracted on the father's credit, but was charged to the son personally, nothing being said about payment by his father or indeed by any one.   The father's name then was unknown to the plaintiff.   Shortly after the completion of the work, a bill was sent to the son and, no response being made, the plaintiff ascertained the name of the father and sent bills to him.   The evidence justified a finding that some of the bills sent to the father were made to the son.   One of the bills made to the son and sent to the father had indorsed thereon: "Will you kindly let me have the above amount this month?" This was returned by the defendant to the plaintiff with the following words written thereon by him: "You wont get any money on this bill for quite some time yet.   Fred N. Hunter." On December 1, 1918, a bill which might have been found to have been made to the defendant was mailed to the son.   It did not appear when this bill was called to the attention of the defendant, but he produced it in a mutilated condition at the trial.   The writ was dated December 10, 1918.

There was no evidence that the defendant knew that his son was receiving the services and it did not appear that the son was living at home, was in school or at work.   There was nothing to show that the father had not been willing to have his son's teeth cared for in a reasonable manner, or that he had not amply provided for such attention as was reasonably within his means.

On the other hand there was no evidence that in fact the father knew of the condition of the teeth or that his lack of knowledge was caused by any negligence on his part.

This action was brought in the Central District Court of Worcester, and the father and son both testified in that court. They were present at the trial in the Superior Court, but did not testify, the defendant resting his case on the plaintiff's evidence.

In order to maintain the action, it was necessary for the plaintiff to establish ". . . either that the work done was authorized by the defendant, or that it was necessary for the health and comfort of the defendant's minor son, and that the defendant negligently failed to provide for him a dentist, or means to procure the services of a dentist, to do the work." *Lamson* v. *Varnum*, 171 Mass. 237, 238.

The judge submitted three questions to the jury which are quoted above. These questions embraced all the issues involved in the question of liability but did not require any finding as to amount. The defendant excepted to the submission of questions one and three, but did not except to the second issue, or to the instructions given relative thereto. The affirmative answer to this question established the necessity of the work for the health of the son. *Strong* v. *Foote*, 42 Conn. 203.

The evidence did not warrant the submission of the first issue to the jury. It did not appear that the defendant was apprised that the work was contemplated or knew of it while in progress; it was not performed on his credit; and there was no special exigency rendering the interference of a third party reasonable and proper. On the facts stated, it could not be found properly that the defendant authorized the work. *Dodge* v. *Adams*, 19 Pick. 429. *Angel* v. *McLellan*, 16 Mass. 28. *Lamson* v. *Varnum*, *supra*, is not an authority for the plaintiff. In that case, the minor directed the charge to be made to his father in whose family he then lived, and statements of the charge were sent to the father. No reply thereto having been made, it was held that the jury might consider whether the father would have been likely to have made some answer if the bill had been contracted without his authority. The plaintiff also relies on *Auringer* v. *Cochrane*, 225 Mass. 273, but in that case the finding for the plaintiff was upheld as to goods furnished after notice that his wife and daughter were dealing with the plaintiff on his credit, because the silence

of the defendant after such notice authorized an "implied understanding . . . that he would be responsible." In this case no such facts appeared. Neither does *Vaughan* v. *Mansfield,* 229 Mass. 352, help the plaintiff, as in that case there was evidence warranting a finding that the defendant knew of the services which were being performed and made no objection.

The first issue also related to ratification. Apart from the question whether there is any consideration for a promise, express or implied, to pay for services rendered to a son on his own credit, (see *Dodge* v. *Adams, supra; Dearborn* v. *Bowman,* 3 Met. 155,) and apart from the difficulty as to the ratification of an act not purporting to be done, and so far as the evidence shows, not in fact performed in behalf of the father or on his credit, (see *New England Dredging Co.* v. *Rockport Granite Co.* 149 Mass. 381,) there was no sufficient evidence of ratification. The only testimony bearing on this subject was that a bill made to the son and sent to the father with a request thereon for payment was returned by him with his indorsement that the plaintiff would not get any payment "for quite some time yet," and the fact of his silence as to a bill made to him but mailed to the son nine days before the institution of this action, it not appearing that he saw or knew of the bill before the action was commenced. The sending of the bill to the father was not notice that a claim had been or was then made against him. Therefore his answer was neither an admission of liability nor evidence of ratification. Clearly, too, the bill made to the father but not sent to him or, so far as shown, brought to his attention before suit, was inadmissible to prove liability or ratification, and although admitted without exception or restriction did not in any way support the plaintiff's case. *Kumin* v. *Fine,* 229 Mass. 75. *Callahan* v. *Goldman,* 216 Mass. 234. The failure of the defendant and of his son to testify although present in court was not equivalent to affirmative proof of facts necessary to maintain the action. The defendant was not bound to offer any evidence unless and until evidence was offered by the plaintiff warranting the submission of the case to the jury. The exceptions to the submission of the first question, to so much of the charge as related to authorization and ratification and to the effect of the bill of December 1, must be sustained.

The exceptions relating to the issue as to the defendant's neglect must be sustained, as there was no evidence that the father knew or ought to have known of the condition of his son's teeth or that he neglected to provide for their care. The work was done without any inquiry and without notice to the father although it extended over many months. As Dewey, J., in *Dodge v. Adams, supra,* at page 432, says: "There is an entire absence of all those circumstances that would create such an obligation as would furnish a legal consideration for an express promise. The proof of such facts must come from the plaintiff. The burden is on him to show that there existed a necessity for furnishing these supplies, and that this necessity was occasioned by the defendant. The plaintiff having failed to do so, has furnished no sufficient evidence to maintain his action."

After the answers had been returned, the judge ordered a verdict for the plaintiff in the full amount claimed and the defendant excepted. This situation is not likely to exist at another trial, but even though there was no evidence to meet that of the plaintiff as to the amount of his charge, the jury were not obliged to find in his favor for that sum. *McDonough* v. *Metropolitan Life Ins. Co.* 228 Mass. 450. *Maynard* v. *Royal Worcester Corset Co.* 200 Mass. 1, 8. *Walsh's Case,* 227 Mass. 341, 344. The remaining exception has been waived.

*Exceptions sustained.*