JONAS H. VAUGHAN *vs.* WILLIAM P. MANSFIELD.

Middlesex.   January 12, 1920. — February 28, 1920.

Present: RUGG, C. J., BRALEY, DE COURCY, CARROLL, & JENNEY, JJ.

*Contract*, Implied. *Physician. Husband and Wife. Agency*, Existence of relation. *Practice, Civil*, Requests and rulings.

Where, at the trial of an action by a physician upon an account annexed for services rendered to the defendant, to his wife and to their child, there was evidence tending to show that some of the services were rendered at the request of the defendant, that some were rendered at the request of the defendant's wife, and that the wife was authorized by the defendant to arrange with the plaintiff for his services, it is proper to refuse to rule that the plaintiff could not recover.

At the trial above described, the defendant asked for, and the judge refused to give, a ruling that "the husband is not liable for necessaries furnished to the wife unless they were either furnished with his knowledge and consent that he be responsible for them, or unless he neglects and refuses to furnish them himself." *Held*, that the refusal to give the ruling was right, because it omitted all reference to the authority of the wife arising from the marital relation or inferable from the evidence.

At the same trial, the defendant asked for, and the judge refused to give, a ruling that if "the husband furnishes the wife with sufficient means or money to

provide her with what is reasonably necessary for her support and comfort, then he is not liable for any debts she contracts for necessaries unless he gives his consent to such debts." *Held*, that the refusal of the ruling was right, because it did not include any statement as to the effect upon the liability of the husband of knowledge on his part that the plaintiff's services were being rendered to the wife, or as to the right of the wife to contract for the services.

The defendant also, at the trial above described, asked for a ruling that the "burden of proof is on the plaintiff to show that the defendant neglected or refused to provide his wife with the necessaries before the plaintiff can recover." The ruling was refused. *Held*, that the refusal was proper, because the ruling requested ignored the question of authority of the wife to contract for the services.

CONTRACT for a balance of $116.06, alleged to be due upon an account annexed for services as a physician. Writ in the First District Court of Eastern Middlesex dated October 24, 1913.

On appeal to the Superior Court, the action was tried before *Aiken*, C. J. The plaintiff testified in substance that he made the professional visits at the defendant's house described in the account annexed to his declaration; that he was unable to distinguish what visits were for the purpose of treating the defendant's wife, their child, or the defendant himself; that he had been called by the defendant's wife on many occasions; that on some of the occasions the defendant himself personally had called him to attend to the defendant's wife, and that in July, 1908, he had received a payment of $5 from the wife of the defendant on this account.

The defendant testified in substance that he did not authorize his wife to contract a bill with the plaintiff; that he had instructed his wife never to run any bills; that he gave her on an average of $25 weekly to pay all expenses and that she would tell him from time to time when she needed money and he would give it to her, then, or later on, if he did not have it at the time of asking; that he had no recollection of ever calling the plaintiff to attend his wife or child, and that he had never been ill himself or consulted the plaintiff professionally.

At the close of the evidence the defendant asked for the following rulings:

"1. That upon all the evidence in this case the plaintiff can not recover.

"2. That the husband is not liable for necessaries furnished to the wife unless they were either furnished with his knowledge and

consent that he be responsible for them, or unless he neglects and refuses to furnish them himself.

"3. If the husband furnishes the wife with sufficient means or money to provide her with what is reasonably necessary for her support and comfort then he is not liable for any debts she contracts for necessaries unless he gives his consent to such debts."

"8. The burden of proof is on the plaintiff to show that the defendant neglected or refused to provide his wife with the necessaries before the plaintiff can recover."

The rulings were refused. The jury found for the plaintiff in the sum of $62.03; and the defendant alleged exceptions.

*C. H. Stebbins,* for the defendant.

*E. E. Spear,* for the plaintiff.

JENNEY, J. In this action, it already has been decided on evidence substantially as set forth in the bill of exceptions, that there was, or could be found to be, authority in the wife of the defendant to contract on his credit for the medical services under controversy. *Vaughan* v. *Mansfield,* 229 Mass. 352. That decision is decisive of the exception to the refusal to give the defendant's first request, which is considered although Rule 45 of the Superior Court was not complied with.

The remaining requests were properly refused. The second omitted all reference to the authority of the wife arising from the marital relation, or inferable from the evidence, and therefore was erroneous. *Alley* v. *Winn,* 134 Mass. 77. *Lamson* v. *Varnum,* 171 Mass. 237. *Auringer* v. *Cochrane,* 225 Mass. 273. The third was objectionable because it did not include any statement as to the effect of knowledge on the part of the husband, or as to the right of the wife to contract for the services. *Vaughan* v. *Mansfield, supra.* The remaining request as to the burden of proof was improper because it wholly ignored the question of the wife's authority, and required an instruction that the plaintiff could not recover except upon the neglect or refusal of the defendant to provide necessary medical services.

*Exceptions overruled.*