*Northern District*

No. 5161

## W. H. BRINE CO.
### v.
## BENJAMIN KOFFMAN
## ARLENE KOFFMAN

(April 7, 1958)

*Present:* GADSBY, P. J., ENO AND NORTHRUP, JJ.

Case tried to LACK, SP. J., in the First District Court of Eastern Middlesex. No. 8928 of 1956.

*Northrup, J.* This is an action of contract in which the plaintiff seeks under separate counts, to recover $147.26 from the defendants Benjamin Koffman and Arlene Koffman, husband and wife, for goods sold and delivered to their minor son according to accounts annexed. Count 1 is against the defendant Benjamin Koffman and Count 2 is against his wife, Arlene Koffman. The answer of the defendant Benjamin Koffman is a general denial, a denial that the defendant knew in advance of said purchases, a denial that he consented or authorized his wife Arlene Koffman to purchase the same and a denial that the goods purchased were necessaries of life. Since the plaintiff's claim under Count 1 is the only matter before us we shall refer to the defendant Benjamin Koffman as "the defendant".

*At the trial there was evidence tending to show that* on June 17, 1955 Arlene Koffman, wife of the defendant, purchased from the plaintiff certain articles of camp equipment and clothing for their minor son and instructed the plaintiff to send the bill for the same to her husband at an address different from that of her own; that at the time of said purchases, said Arlene Koffman was not living with the defendant and a libel brought by her for divorce was then pending; that the defendant had no advance knowledge of his wife's intention to purchase said merchandise; and that at no time did he consent to or authorize the purchase of the same; that in July when he received a bill for said purchases from the plaintiff, he immediately returned it and denied responsibility for payment.

The defendant duly filed the following requests for rulings:

1. The evidence requires a finding for the defendant Benjamin Koffman.
2. The law requires a finding for the defendant Benjamin Koffman.
3. The goods purchased were not necessaries of life.
4. The plaintiff, on its declaration, cannot recover against the defendant Benjamin Koffman on the theory that the goods purchased were necessaries of life.
5. The plaintiff cannot recover against the defendant Benjamin Koffman on an account annexed unless the plaintiff and he entered into a contract, either express or implied, for the purchase of the goods in question.
6. The plaintiff and the defendant, Benjamin Koffman never entered into a contract, either express or implied, for the purchase of the goods in question.
7. The defendant Arlene Koffman had no authority to bind the defendant Benjamin Koffman when she purchased the goods in question.
8. The purchase of the goods in question by the defendant Arlene Koffman did not legally bind the defendant Benjamin Koffman.

The court denied all of the defendant's requests for rulings and found for the plaintiff under Count 1 in the sum of $147.26 and for the defendant, Arlene Koffman under Count 2. The court also made the following special findings and rulings of law:

"I find that the merchandise sold and delivered were necessaries of life and were delivered by the plaintiff and received by the minor son of the defendants.
I find that at the time said merchandise was delivered, the defendants, husband and wife, were living apart upon a voluntary basis and there was not any order of the Probate Court relative to the support or custody of said minor child of the defendants."

The defendant claims to be aggrieved by the trial court's refusal to grant his requests for rulings Nos.

1 to 8 inclusive and the correctness of the trial court's denial of the same is the issue raised by the report for our determination.

The court's denial of the defendant's request for rulings Nos. 1 & 2 and its denial also of the defendant's other requests considered collectively, raises the basic question of whether there is any evidence warranting the trial court's finding for the plaintiff under Count 1 of its declaration. In our opinion the report discloses no such evidence.

The report by its terms purports to contain all of the evidence material to the question reported and the plaintiff can recover only if such evidence warrants a finding: (1) that the defendant's wife had express or implied authority to make said purchases and to pledge the defendant's credit for payment of the same, or (2) that in the absence of such authority, there was a ratification by the defendant of his wife's acts, or (3) that the obligation is one imposed by law upon the defendant, not requiring any authorization or ratification by him. *Stimpson v. Hunter*, 234 Mass. 61; *Auringer v. Cochrane*, 225 Mass. 273.

Since the report obviously shows no evidence of any express authority on the part of the wife to make such purchases or to pledge the defendant's credit, the question arises as to whether there are facts set forth therein from which such authority might be implied.

An inference of authority in some cases may be created from acts or omissions of the principal which are inconsistent with a denial of agency. In *Stoneman v. Fox Film Corp.*, 295 Mass. 419, 426 the Court quoted with approval, Restatement: Agency §43 as follows:

"An implied delegation of authority to an agent may arise from a course of conduct showing that a principal has repeatedly acquiesced in and adopted acts of the same kind."

■ Such authority may also be inferred from a principal's failure after knowledge to act with reasonable promptness in repudiating his alleged agent's transaction for which it is sought to hold him liable. *Auringer v. Cochrane,* 225 Mass. 273. However, in the case at bar there is no evidence in the report from which authority may be inferred under either of these principles of law. There is no evidence of any previous purchases by the wife from the plaintiff and payment by the husband, from which an inference might be drawn that she had authority to act for him. Nor can such authority, on the facts of this case, be implied from subsequent conduct of the defendant as in *Lamson v. Varnham,* 171 Mass. 237 and *Auringer v. Cochrane supra.* In the latter case, the defendant knew that the plaintiff was dealing with the defendant's wife and child and remained silent. In the case at bar the defendant had no such knowledge and when he learned of the transaction he immediately repudiated it. It is our opinion therefore, that the report discloses no facts warranting a finding of liability on the grounds of implied authority.

■ There is also nothing in the report from which it could be found that the defendant ratified the unauthorized pledging by the wife of his credit. While under certain circumstances such ratification may arise as in *Bisbee v. McManus,* 229 Mass. 124, the facts upon which such ratification is predicated in such cases, are not present in the case at bar and the principles of law followed therein are wholly inapplicable to the same.

■ In the absence therefore of any express or implied authority or any ratification, the plaintiff's case rests upon its ability to show that the defendant's obligation was one imposed upon him by law. The evidence in this case falls far short of showing any liability on the basis of such an obligation.

■ The mere fact that a wife, estranged from

her husband, purchases "camp equipment and clothing" for a minor son, without the knowledge or consent of her husband, (the father) — which is substantially all that the report discloses on this point — creates no liability on the part of the husband for payment of the same. The principle governing the liability of a father for necessaries furnished to his minor child is clearly set forth in *Raymond v. Eldridge Executrix*, 111 Mass. 390, 391 where the court said in effect, that in the absence of express or implied authority, such liability of a husband or father for support of his wife or minor children arises only when "he leaves them so unprovided for that they have an authority imposed by law to obtain it on his credit." In *Dodge v. Adams*, 19 Pick 429 where recovery was denied, the Court said at page 432 with respect to a father's obligation for necessaries furnished his minor child:

> "The proof of such facts must come from the plaintiff. The burden is on him to show that there existed a necessity for furnishing these supplies and that this necessity was occasioned by the defendant. The plaintiff having failed to do so has furnished no sufficient evidence to maintain his action". See also *Stimpson v. Hunter*, 234 Mass. 61 and cases cited therein.

Applying the foregoing principles of law to the case at bar, the plaintiff's right of recovery is dependent upon proof by the plaintiff of the following facts:

1. That the defendant owed his minor child a duty of support.
2. That the defendant was of sufficient ability to render the same.
3. That the merchandise furnished the defendant's son upon the defendant's credit were necessaries.
4. That the defendant failed or refused to pro-

vide his minor son with such necessaries according to defendant's means.

The report however, is totally lacking in evidence of any of these essential elements of proof.

There is no evidence of the age of the child, with whom he was living or what support, if any, he was receiving from his father (the defendant) at the time. There is also nothing in the report to show the nature and type of "camp equipment and clothing" purchased by the defendant's wife. Nor are there any facts or circumstances set forth therein from which it could be found that the same were necessaries. There is also no evidence of the defendant's financial ability to support his child and nothing in the report warranting a finding that he ever wilfully refused so to do.

In the absence of such evidence the plaintiff's case lacks proof of the basic issues essential to recovery.

The finding by the trial court for the plaintiff under Count 1 was not warranted and the defendant's request for rulings, that the evidence required a finding for the defendant, should have been granted. The trial court's refusal to grant such request and its finding for the plaintiff constituted error prejudicial to the defendant.

Since the allowance of the defendant's said request for rulings would necessarily have required a finding for the defendant, the trial court's finding for the plaintiff is to be vacated and a new finding entered for the defendant.

*So ordered.*

Ralph C. Harper, for the plaintiff.
Herbert D. Lewis, for the defendants.