Forte, J.
The plaintiff seeks recovery for alleged work done by bringing this action in the following three counts: (1) on an account annexed; (2) in contract for services rendered; and (3) in quantum meruit. By its answer, the defendant denied all allegations. The action was entered in the superior court and remanded to the Lowell Division of the District Court Department
There was evidence that the defendant was constructing a hotel under the exclusive management and control of its president, Welch.
The plaintiff-corporation, through its president Weisman, contacted Welch seeking to do art work for the proposed hotel. Welch informed Weisman that Vendóme Interiors, a separate entity, had been designated to do the decorative work for the hotel.
After contactingVendóme, the plaintiff designed various menus and other artwork, had a number of meetings with Vendóme personnel and various department heads of the defendant, including the general manager and the food and beverage director.
When art work was rejected, the plaintiff made changes. The plaintiff engaged other entities to prepare samples for the plaintiff to present to the defendant Finally, on April 2,1985, the plaintiffs designs were presented to Welch, thegeneral manager and other department heads for approval. They were not approved.
The plaintiffs president acknowledged that she knew that only Welch could make the final decision.
At the said April 2, 1985 meeting, Weisman was asked to leave the plaintiffs presentations at the defendant’s premises. She refused, stating there was no contract and instead left an invoice based upon the plaintiffs time and expenses in preparing the various proposals.
Eventually, the defendant awarded a contract for art work to another entity, Carter Enterprises.
At the close of the evidence, the plaintiff submitted thirty-two requests for rulings which the plaintiff reduced to ten at the insistence of the trial judge.
Judgment was entered for the defendant on all complaint counts.
The plaintiff now claims to be aggrieved by the judge’s rulings on all ten requests, including requests which were allowed. At oral argument, the plaintiff waived all aggrievements except to the judge’s rulings on the following requests:
9. A trier of fact can infer a promise to pay compensation to plaintiff if it finds that the plaintiff undertook and completed work with the expectation that defendant would pay plaintiff for the work and the defendant had reason to know that plaintiff for the work and the defendant had reason to know that plaintiff was acting with this expectation and allowed plaintiff to so act without objection. F. W. Zemier & Co., Inc. v. Beacon Investment Association, *6 Inc., 232 Mass. 507, 122 N.E. 719 (1919).
Allowed as a correct proposition of law but not applicable to facts found, see findings of fact
15. Suits in quantum meruit may be upheld if the plaintiff proves any of the following factual circumstances:
a) Where an underlying special contract exists, but plaintiff has failed in some measure to fully perform;
b) Where an express agreement existed which was rescinded or broken by the defendant;
c) Where an express agreement existed, but was waived or modified by the defendant;
d) Where extras were performed outside an expressed agreement; and
e) Where there was no underlying special agreement, but there exists a contract implied in fact.
16. The underlying basis for awarding quantum meruit damages in a quasi contract case in unjust enrichment of one party and unjust detriment of the other party. Salamon v. Terra, 394 Mass. 857, 477 N.E.2d 1029 (1985).
Denied as inapplicable to facts found, see findings of fact.
23. In conjunction with implied in fact contracts, silence may be the conduct which indicates assent. Day v. Caton, 119 Mass. 513 (1876), 225 Mass. 273, 114 N.E. 355 (1916).
Allowed, but I find that the defendant never assented.
29. In order to establish apparent authority of an agent, plaintiff must prove that defendant held out the other party to plaintiff as having the authority to act for him. Braden v. Trustees of Phillips Academy, 321 Mass. 53, 71 N.E.2d 765, (1947). Plaintiff must also reasonably rely to hisdetriment upon the authority of the purported agent. Costonis v. Medford Housing Authority, 343 Mass. 108, 176 N.E.2d 25 (1961).
Allowed, but I find no one had apparent authority to find (sic) the defendant in this case.
30. Plaintiff may also prove that inherent agency power exists such that this court may impose liability on a principal despite the agent’s lack of actual or apparent authority, because the principal has placed the agent in a position to mislead plaintiff. See Cellucci v. Sun Oil Co., 2 Mass. App. 722, 320 N.E.2d 919 (1974) affirmed 368 Mass. 811331 N.E.2d 813 (1975) (where defendant’s agent arranged for the purchase of land, made various misrepresentations including that approval for the purchase had already been given locally and final approval would be automatic).
Allowed, but not applicable to facts found. See findings of fact
32. A principal may be liable for a contract made on his behalf by subsequently ratifying the conduct of the purported agent. Intent to ratify the act is required of the principal and may be proven by the totality of the circumstances, the principal’s works, his conduct or his silence. Perkins v. Rich, 415 N.E.2d 895 (1981).
Allowed, but I find that the defendant never ratified any act of any agent or employee (sic) in this case.
In addition, the judge made extensive findings of fact
As to requests numbers 9, 15 and 30, the trial judge recognized each stated principle of law as correct, but ruled that each request was inapplicable to facts he did find as set forth in his subsidiary findings. The only question open on review is whether the evidence was sufficientto support the judge’s findings. Casiani v. Bellino, 338 Mass. 765, 766 (1959); Murphy v. Unihab, Inc., 1986 Mass. App. Div. 122, 123.
As to these requests, there was evidence that Weisman saw an opportunity to obtain some business ofwhich she knew only Welch could approve; thatwhen her company’s work was finally submitted to Welch, it was not approved; that although Welch knew *7 the plaintiff was in touch with Vendóme, he never approved anything with the plaintiff, that Welch submitted everything to bid and usually requested three to five bids; that Welch knew the plaintiff was bidding on the contract to do the menus and that Welch never authorized anybody to hire the plaintiff. In addition, Weisman knew the plaintiff had no contract with the defendant.
There was sufficient evidence for the judge to find there was no promise to pay, expressed or implied (Request #9), there was no contract, expressed or implied, nor recovery on quantum meruit (Request #15). The plaintiff was not misled knowing Welch only could give final approval (Request #30).
As to request #23, the judge specifically found the defendant did not assent although he recognized that from silence he could infer assent
In regai-d to request #29, the judge recognized what the plaintiff must prove to establish apparent authority and specifically found that no one had apparent authority.
In regard to request #32, the judge allowed that a party may become liable by ratifying an act but specifically found there was no ratification.
Therefore, the trial court complied with Dist./Mun. R. Civ. P., Rule 64 (b) in ruling that the plaintiff’s requests stated valid law, but were inapplicable to facts found and set forth by the trial judge. As there was sufficient evidence introduced at the trial to permit the judge’s findings, no error attended his disposition of the plaintiff’s requests for rulings.
Report dismissed.