### ELECTA M. BUTLER *vs.* WILLIAM PRICE.

**Hampshire.** September 15. — 26, 1864. WELLS & MORTON, JJ., absent.

A part payment made by a woman on her husband's promissory note will not take it out of the statute of limitations, in the absence of evidence that he authorized her to make the payment.

Evidence that the holder of a promissory note wrote to the maker demanding payment, and that in reply the wife of the maker wrote a letter inclosing money in part payment of the note, is not sufficient evidence that the maker authorized the payment, to take the case out of the statute of limitations, or that he authorized the writing of the letter, so as to make its contents admissible against him.

CONTRACT on a promissory note dated April 9, 1860, signed by the defendant, and payable to Roxanna Blinn or bearer. Writ dated October 1, 1870. The answer set up the statute of limitations.

After the decision of this court reported 110 Mass. 97, the case was tried in the Superior Court before *Wilkinson,* J, The plaintiff, for the purpose of taking the case out of the statute of limitations, relied upon a part payment of $25 made on February 11, 1865, and introduced evidence that the $25 were sent to Roxanna Blinn, who was then the holder of the note, in a letter written by the defendant's wife. This letter, dated February 8, 1865, appears in the report of the case, 110 Mass. 97. There was also evidence that this letter was written in reply to a letter sent to the defendant, demanding money.

The defendant asked the presiding judge to instruct the jury that the mere fact that a letter was sent to the defendant asking for money upon the note, and that a letter came back containing money, and purporting to be signed by his wife, with a request that it be applied in part payment of the note, was not enough to warrant the jury in finding that the defendant authorized such payment.

The presiding judge declined so to rule; but submitted the case to the jury upon instructions not excepted to, leaving it to the jury to determine whether the defendant authorized the payment relied upon by the plaintiff. The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*G. M. Stearns,* for the defendant.

*D. W. Bond,* for the plaintiff. The court rightly refused to rule that there was no evidence in the case to warrant the jury in finding a verdict for the plaintiff. The fact that the wife had in her possession the letter written to the defendant asking for money on the note, is evidence that she was authorized to act with reference to it. *Streeter* v. *Poor,* 4 Kansas, 412. *Erick* v. *Johnson,* 6 Mass. 193. The fact that letters were written to the defendant demanding money on the note, and that in due course of mail replies came from the wife, is evidence that the money was sent at the request of the husband. The fact of the payment of $25, on February 8, 1865, being made at a time when it was for the benefit of the defendant, may be considered by the

jury on the question of the request from the husband to the wife. The jury had a right to consider the relationship of the parties in connection with the other evidence in the case. *Merrick* v. *Plumley*, 99 Mass. 566, 573. 1 Greenl. Ev. § 185. 2 Greenl. Ev. §§ 64, 65.

DEVENS, J. This case does not differ in any respect from that which was presented when it was last before the court, except that it now appears that the letter introduced was in reply to that addressed to the defendant by Mrs. Blinn. But in order that the reply of Mrs. Price or anything contained in it should affect the defendant, it is necessary first to show that she acted in writing it by his authority or as his agent. As no such authority or agency can be inferred from the relation of husband and wife, there is no evidence of any unless the letter itself is permitted to furnish it. Until some evidence of authority from the defendant to Mrs. Price to write the letter is offered, it cannot be examined or considered, and we cannot therefore reason from anything contained in it, and until then the fact that she replied to a letter addressed to the defendant is immaterial.

*Exceptions sustained.*