THE TRUSTEES OF THE OLD ALMS-HOUSE FARM OF NEW HAVEN *vs.* JAMES B. SMITH.

Where a mortgagor conveys the equity of redemption and ceases to pay interest on the mortgage note, the regular payment of interest by the grantee does not operate to prevent the running of the statute of limitations against the liability of the mortgagor on the note.

Where a note is on demand it may be at once sued upon, notwithstanding the statute (Gen. Statutes, p. 343, sec. 2,) which provides that any negotiable note payable on demand, which remains unpaid four months from its date, shall be considered overdue.

And the statute of limitations begins to run against the note from its date.

[Argued December 12th, 1884—decided January 24th, 1885.]

ACTION on a promissory note; brought to the Superior Court. Defense, statute of limitations. Facts found and case reserved for advice. The case is sufficiently stated in the opinion.

*J. B. Morse*, for the plaintiffs.

*J. T. Platt* and *M. F. Tyler*, for the defendant.

PARK, C. J. On the first day of September, 1868, the defendant purchased of the plaintiffs two separate tracts of land, and in part payment therefor gave the plaintiffs a negotiable promissory note for the sum of $2,850, on demand, with interest payable semi-annually. On the same day the defendant mortgaged both tracts of land to the plaintiffs to secure the note.

During the months of September and November of the same year the defendant paid the plaintiffs $1350 on the principal of the note and the plaintiffs shortly afterwards gave him a quitclaim deed of one of the tracts.

The equity of redemption in the other tract passed from the defendant on the 29th day of May, 1872, and down through various subsequent conveyances till it became vested in the Lewis & Beecher Company in the month of January, 1877, where it still remains.

In all the conveyances down to the last one mentioned, the respective grantees assumed the mortgage debt in part consideration for the purchase and promised the grantors to pay it. Interest on the mortgage note was paid regularly by the defendant, as the same became due, down to March 1st, 1872. Since then it has been paid by one and another of the grantees for themselves during the time they respectively held the equity of redemption, down to the month of September, 1880. Since that time no interest and nothing on the principal has been paid.

On the trial of the case in the court below, the defendant pleaded the statute of limitations, and the sole question in the case is, whether the payments of the interest on the note since March, 1872, by some one of the several grantees in the conveyances of the equity of redemption since that time, operated as payments by the defendant, so as in effect to create new promises or acknowledgments of the indebtedness by him.

If the defendant himself had paid the interest during the time, the payments would have had such effect, for each payment would be a voluntary admission by him that the debt was then subsisting, which would raise by implication a new promise to pay it. But the payments of interest by the successive owners of the equity of redemption were on their own account, in order to keep alive the equity of redemption, of which they had become the purchasers; for if they failed to pay interest their equitable estate would become liable to be extinguished by foreclosure. Such payments therefore, being made on their own account and

for their own benefit, had no legal significance as regards the maker of the note, and effected no change whatever in the legal relations between the plaintiff and the defendant. They were not the agents of the defendant in making the payments, neither did they profess to be acting for him. How then can the payments be regarded as made by the defendant, when they were neither made by him personally, nor by any authorized agent in his behalf?

The error of the plaintiffs consists in confounding the relation of these parties to each other and to themselves. The defendant was directly and personally liable on the note, and when he conveyed the land mortgaged to his grantees on their assumption and promise to pay the note as a part consideration of the purchase, that transaction altered in no respect whatever the liability of the defendant on the note, neither did it increase or diminish the remedies of the plaintiffs. They could pursue the defendant on the note or the land in the hands of the grantees, just as well as before. The defendant was liable on the note. The grantees were liable to have their land taken for its payment. These liabilities are separate and distinct. Neither party could do anything to increase the liability of the other. How could the grantees, by any act of theirs, acknowledge that the mortgage debt was a subsisting indebtedness, so as to subject the defendant to a new liability upon it, when they themselves were not liable on the note?

We think the grantees could do nothing by word or deed to remove the bar of the statute of limitations so far as the defendant is concerned. *Butler* v. *Price*, 115 Mass., 578.

But it is said that the note was not past due when this suit was brought, and so the statute of limitations had not commenced to run, although the note is payable on demand, and more than fifteen years had elapsed since the making and delivery of it, and more than twelve years since the last payment of interest or principal had been made by the defendant.

This is a bold claim to make in view of the statute which provides that " any promissory negotiable note payable on

demand, which remains unpaid four months from its date, shall be considered as overdue and dishonored at that time." General Statutes, p. 343, sec. 2.

But it is said that this statute does not apply to the maker and payee of such notes, but leaves them to provide when they shall become due notwithstanding they are made payable on demand; and that it is evident from the facts found that no demand for the principal was contemplated by the parties to the note, so long as the interest was regularly paid and the plaintiffs were satisfied with the mortgage security.

The court in the case of *Seymour* v. *Continental Life Insurance Co.*, 44 Conn., 300, say, with regard to such notes, that " the payee may sue and collect, and the maker may pay the note, at any time within four months, as well as afterwards." Of course the statute begins to run against the note from the time the payee might sue upon it. There is nothing in this claim.

We advise judgment for the defendant.

In this opinion the other judges concurred.