LAURA C. KING *vs.* JOHN M. DAVIS.

Middlesex.    November 12, 1896. — March 1, 1897.

Present: FIELD, C. J., ALLEN, KNOWLTON, MORTON, & LATHROP, JJ.

*Statute of Limitations — Acknowledgment of Debt.*

An account stated gives a new and original cause of action, and the statute of limitations begins to run only from its date.

A writing was signed by the debtor underneath a statement of the mutual accounts of the debtor and creditor in these words : " The above statement is correct, and I owe the balance as above due. J. M. D. June 13, 1887." *Held*, that this was a sufficient acknowledgment to take the debt out of the statute of limitations.

CONTRACT, on an account stated. Trial in the Superior Court, without a jury, before *Braley*, J., who found for the plaintiff; and the defendant alleged exceptions, the nature of which appears in the opinion.

*F. Hunt*, for the defendant.

*J. A. Stockwell*, for the plaintiff, was not called upon.

LATHROP, J. It appears from the evidence reported that the defendant had been a tenant of the plaintiff, and was in arrears for his rent, though he had made some payments on account. About the time he left the plaintiff's house, the agent of the plaintiff called upon him, taking with him a written statement of their mutual accounts, and showing a balance due of $263.91. After some conversation, the defendant wrote on the paper underneath the account the following: " The above statement is correct, and I owe the balance as above due. John M. Davis.

June 13, 1887." The only item of the account rendered which is dated is the last one on the debit side, and the date of this is April 20, 1887. The writ is dated June 10, 1893. The judge found and ordered judgment for the plaintiff; and the case comes before us on the defendant's exception to the refusal of the judge to rule that the plaintiff's claim was barred by the statute of limitations.

The defendant first contends that the action is not brought within six years from the last item of the debit account, and is therefore barred by the Pub. Sts. c. 197, § 1, cl. 1. But this is not an action upon the original items, but upon the account stated, and the action is brought within six years from the date when this cause of action accrued. An account stated gives a new and original cause of action, and the statute of limitations begins to run only from its date. *Chace* v. *Trafford,* 116 Mass. 529.

The remaining question is whether there is a sufficient acknowledgment or promise in writing within the Pub. Sts. c. 197, § 15. This question has so recently been considered by us in the case of *Custy* v. *Donlan,* 159 Mass. 245, that we need only to say that the question must be answered in the affirmative.

*Exceptions overruled.*