THE PROVIDENT INSTITUTION FOR SAVINGS IN THE TOWN OF BOSTON *vs.* J. WARREN MERRILL & another.

Suffolk.  February 3, 1942. — February 26, 1942.

Present: FIELD, C.J., QUA, COX, & RONAN, JJ.

*Limitations, Statute of.  Mortgage,* Of real estate: conveyance subject to mortgage.  *Payment.*

The mere fact that a grantee of real estate, who had assumed and agreed to pay a note secured by a mortgage thereon, made payments on the note after maturity and within the period of limitation did not toll the statute as to liability of the maker of the note.

BILL IN EQUITY, filed in the Superior Court on March 15, 1941.

The suit was heard by *Walsh*, **J.**

*J. W. Huse,* (*F. W. Campbell & F. H. Free, Jr.,* with him,) for the defendant Merrill.

*E. C. Thayer,* (*L. P. Jordan, Jr.,* with him,) for the plaintiff.

RONAN, J. Merrill, on October 25, 1910, gave a note to the plaintiff, hereinafter called the bank, in the sum of $15,000, payable in five years, and secured by a mortgage on premises in Boston owned by him. The note was witnessed by one Sawyer. Merrill conveyed these premises to Bradlee on May 29, 1911, subject to the bank's mortgage, which Bradlee agreed to assume and pay. After making this conveyance, Merrill had no interest in the property and did "Nothing whatever" in connection with the mortgage. He made no payments upon the note nor any written acknowledgment of the indebtedness nor any subsequent promise to pay it. He did not know what, if anything, was due upon the note until the bank made a demand for payment upon him early in 1941. Bradlee made payments on interest and on principal from the time she became the owner until February 10, 1941. Merrill appealed from a final decree ordering him to pay the balance due on the note, which was entered after a hearing upon a bill of complaint, brought against Merrill to establish an indebtedness against him upon the note and to reach and apply to the satisfaction of this indebtedness the obligation of Bradlee to Merrill to pay this indebtedness in accordance with the provision in the deed conveying the mortgaged premises to her.

The mortgage note matured in 1915, but the bank, the payee, could enforce it at any time thereafter within the period of twenty years, as the note was signed in the presence of an attesting witness. G. L. (Ter. Ed.) c. 260, § 1, Third. *Phillips* v. *Vorenberg,* 259 Mass. 46. *Alpert* v. *Radner,* 293 Mass. 109. The bill of complaint, however, was not filed until March 15, 1941. The bank contends that the payments made by Bradlee tolled the statute of limitations respecting Merrill.

All the payments made after Merrill sold the property were made by Bradlee with her own money to reduce an encumbrance upon her property. The payments were made

in her own behalf and for her own benefit. Although they reduced his indebtedness to the bank, Merrill did not participate in them nor exercise any control or supervision over Bradlee in reference to them. As between Merrill and herself, she became bound by the deed poll to pay the mortgage note and became the principal debtor and he became a surety. *Rice* v. *Sanders*, 152 Mass. 108. *Franklin Savings Bank* v. *Cochrane*, 182 Mass. 586. *Lynn Five Cents Savings Bank* v. *Portnoy*, 306 Mass. 436. In this aspect, the situation might be regarded as somewhat analogous to that of the maker and indorser of a note. It has been recently held that part payments made by the maker, in which the indorser did not participate, would not prevent the operation of the statute of limitations on the liability of the indorser. *Credit Service Corp.* v. *Barker*, 308 Mass. 476, and cases cited. The bank could not enforce directly against Bradlee her undertaking with Merrill to pay this note. *Bloch* v. *Budish*, 279 Mass. 102. *Silverstein* v. *Saster*, 285 Mass. 453. Her relationship to the bank was entirely different from that of Merrill. She dealt with the bank on the basis of her ownership of the property. The bank contends that, in making payments on the note, she was acting as agent of Merrill. Of course, a part payment will not take a debt out of the operation of the statute of limitations unless it was made by the person to be charged or his agent. *Butler* v. *Price*, 115 Mass. 578. *Vaughan* v. *Mansfield*, 229 Mass. 352. If, by virtue of her promise to pay the note, she was authorized by Merrill to pay it in his behalf, then it would seem that her authority ceased when the note became due, *Locke* v. *Homer*, 131 Mass. 93; *Nutter* v. *Mroczka*, 303 Mass. 343, and that she could not bind him by any payments made more than a quarter of a century after maturity. Am. Law Inst. Restatement: Agency, § 105. But upon the evidence it is plain that she was not representing Merrill in making these payments. *Roscoe* v. *Hale*, 7 Gray, 274. *Stoddard* v. *Doane*, 7 Gray, 387. *Butler* v. *Price*, 115 Mass. 578. *Campbell* v. *Baldwin*, 130 Mass. 199. Compare *Buffinton* v. *Chase*, 152 Mass. 534; *Vermont-Peoples National Bank* v. *Parker*, 269 Mass. 387.

The bank relies upon decisions to the effect that a payment by a grantee who has assumed and agreed to pay a mortgage note interrupts the running of the statute of limitations on the liability of the mortgagor. There is a conflict of authorities upon this question. We are of opinion that the better rule is supported by those authorities that hold that the payments made by such a grantee do not take the debt of the mortgagor out of the operation of the statute. *Trent* v. *Johnson,* 185 Ark. 288. *Old Alms-House Farm* v. *Smith,* 52 Conn. 434. *Fitzgerald* v. *Flanagan,* 155 Iowa, 217. *Shanks* v. *Louthan,* 79 Kans. 363. *County Trust Co.* v. *Harrington,* 168 Md. 101. *Verrill* v. *Weinstein,* 135 Maine, 126. *Turner* v. *Powell,* 85 Mont. 241. *Regan* v. *Williams,* 185 Mo. 620. *Boughton* v. *Harder,* 46 App. Div. (N. Y.) 352. *Murdock* v. *Waterman,* 145 N. Y. 55. *Dundee Investment Co.* v. *Horner,* 30 Ore. 558. *Cottrell* v. *Shepherd,* 86 Wis. 649.

The theory upon which it has been held that a part payment will take an indebtedness out of the operation of the statute of limitations is that such payment is an acknowledgment that an indebtedness exists and, from the payment, the law implies a new promise to pay the balance. But in order to have this effect the circumstances attending the part payment must be such as to support a fair and reasonable inference that the debtor intended to renew his promise of payment. There is nothing upon this record that will warrant such an inference. *Pond* v. *Williams,* 1 Gray, 630. *Stoddard* v. *Doane,* 7 Gray, 387. *Campbell* v. *Baldwin,* 130 Mass. 199. *Taylor* v. *Foster,* 132 Mass. 30. *Gillingham* v. *Brown,* 178 Mass. 417. *Emerson* v. *Deming,* 304 Mass. 478. *Lariviere* v. *Lariviere,* 304 Mass. 627. *Credit Service Corp.* v. *Barker,* 308 Mass. 476.

The final decree is reversed and a decree is to be entered dismissing the bill with costs.

*Ordered accordingly.*