## CHESTER SAVINGS BANK
*vs.*
## EDWARD T. FALSEY

Court of Common Pleas    Middlesex County    File No. 151

MEMORANDUM FILED MARCH 3, 1943.

*Harold Borden,* of Hartford, for the Plaintiff.

*William J. Carrig,* of New Haven, for the Defendant.

Memorandum of decision in action on promissory note.

PARMELEE, J.   On September 2, 1927, the defendant, Edward T. Falsey, executed a note for $1,000 to the Chester Savings Bank of Chester, Connecticut, copy of which is as follows: "$1,000. New Haven, Connecticut, September 2, 1927.   On demand for value received, I, Edward T. Falsey, promise to pay to the order of the Chester Savings Bank one thousand (1,000) dollars with interest at the rate of six per cent per annum, payable semi-annually, together with all taxes assessed upon said sum against said payee or the holder of this note.   Edward T. Falsey."   To secure said note said Edward T. Falsey executed on the same date a second mortgage on certain property owned by him at 336-338 West Rock Avenue, New Haven, Connecticut.   On the same date but after the execution of said mortgage, the said Falsey conveyed

this property by quitclaim deed to Minnie L. Edwards of the Town of Chester, wife of Jacob C. Edwards. The equity of redemption in said property is now owned by the estate of Minnie L. Edwards. Interest payments due on this note have been paid up to September 2, 1942, by said Minnie L. Edwards and/or her estate, the last payment having been made on March 3, 1942. Also certain payments have been made on account of the principal, so that the balance of principal and interest due on this note to February 24, 1943, is $955.87.

The defendant Edward T. Falsey has never made any payment of principal or interest on account of this note from the date of its execution on September 2, 1927, nor has he at any time acknowledged or made promise to pay the note or the debt evidenced thereby, nor has he requested or authorized any one to make any payments on the note for him or in his behalf. The plaintiff, the Chester Savings Bank, now brings this action to collect the balance due on this note from the defendant Falsey. The defendant pleads the statute of limitations by way of special defense. (Gen. Stat. [1930] §6005.) The note in question was dated and delivered to the payee on September 2, 1927, and is a negotiable promissory note, payable on demand. As between the maker and the payee of this note, the latter was entitled to payment of it immediately. A cause of action accrued as soon as it was executed and delivered and without demand. (*Curtis vs. Smith*, 75 Conn. 429, 431; *Savings Bank of New Britain vs. Weed*, 121 id. 414.) Section 6005 of the General Statutes, Revision of 1930, provides that no action shall be brought on an obligation such as embodied in this note "but within six years next after the right of action shall accrue." This statute runs against a demand note from its date without any demand having been made in any manner. (*Trustees of Alms-House Farm vs. Smith*, 52 Conn. 434; *Curtis vs. Smith, supra; Broadway Bank & Trust Co. vs. Longley*, 116 Conn. 557.) In the instant case the note is dated September 2, 1927. The action to collect it was brought by writ and complaint dated September 30, 1942.

But the plaintiff claims that this statute of limitations has been tolled by reason of the fact that payments of principal and interest have been made on this note with regularity, the last payment having been made on March 3, 1942. The plaintiff also concedes that none of these payments was made by

this defendant, but either by his grantee, Minnie L. Edwards, who acquired the equity of redemption in the property mort- gaged as security, for the note by deed from this defendant dated September 2, 1927, or by her successors as owner of the equity. The property now stands of record in the name of the estate of Minnie L. Edwards. These payments, the plaintiff claims, operated as payments by the defendant so as in effect to create new promises or acknowledgments of the indebtedness by him.

The law is well settled and clearly stated in the case of *Trustees of Alms-House Farm vs. Smith,* 52 Conn. 434, which case involved an action on a demand promissory note by the plaintiff as payee against the maker as defendant, who had also given a mortgage to the payee as security. The maker conveyed the equity of redemption in the mortgaged property on May 29, 1872, and ceased to pay interest on the mortgage note thereafter. The grantees of the equity and their suc- cessor grantees paid the interest on this note until ·September, 1880. Thereafter, although more than 12 years had elapsec since the last payment of interest or principal by the de fendant, the payee brought suit against him to recover the balance due on the note. This case was reserved to the Supreme Court, where judgment for the defendant was ad- vised, the court saying (p. 435):

"On the trial of the case in the court below, the defendant pleaded the statute of limitations, and the sole question in the case is, whether the payments of the interest on the note since March, 1872, by some one of the several grantees in the con- veyances of the equity of redemption since that time, operated as payments by the defendant, so as in effect to create new promises or acknowledgments of the indebtedness by him.

"If the defendant himself had paid the interest during the time, the payments would have had such effect, for each pay- ment would be a voluntary admission by him that the debt was then subsisting, which would raise by implication a new promise to pay it. But the payments of interest by the suc- cessive owners of the equity of redemption were on their own account, in order to keep alive the equity of redemption, of which they had become the purchasers; for if they failed to pay interest their equitable estate would become liable to be extinguished by foreclosure. Such payments therefore, being made on their own account and for their own benefit, had no

legal significance as regards the maker of the note, and affected no change whatever in the legal relations between the plaintiff and the defendant. They were not the agents of the defendant in making the payments, neither did they profess to be acting for him. How then can the payments be regarded as made by the defendant, when they were neither made by him personally, nor by any authorized agent in his behalf?

"The error of the plaintiffs consists in confounding the relation of these parties to each other and to themselves. The defendant was directly and personally liable on the note, and when he conveyed the land mortgaged to his grantees on their assumption and promise to pay the note as a part consideration of the purchase, that transaction altered in no respect whatever the liability of the defendant on the note, neither did it increase or diminish the remedies of the plaintiffs. They could pursue the defendant on the note or the land in the hands of the grantees, just as well as before. The defendant was liable on the note. The grantees were liable to have their land taken for its payment. These liabilities are separate and distinct. Neither party could do anything to increase the liability of the other. How could the grantees, by any act of theirs, acknowledge that the mortgage debt was a subsisting indebtedness, so as to subject the defendant to a new liability upon it, when they themselves were not liable on the note?

"We think the grantees could do nothing by word or deed to remove the bar of the statute of limitations so far as the defendant is concerned. *Butler vs. Price,* 115 Mass. 578."

I conclude that the cause of the plaintiff's action in this case accrued when the note was executed and delivered on September 2, 1927, and that no circumstances sufficient to toll the running of the statute of limitations in favor of the defendant were proven, and that no action would lie against him upon this note unless brought within six years. Since this action was not brought until September 30, 1942, the statute of limitations (Gen. Stat. [1930] §6005) affords a good defense. All of the issues are found for the defendant and judgment may be entered for the defendant.