TOWN OF SEEKONK *vs.* JOSEPH D. ANTHONY.

Bristol.    October 22, 1951. — January 7, 1952.

Present: QUA, C.J., LUMMUS, WILKINS, WILLIAMS, & COUNIHAN, JJ.

*Zoning.*

In a suit in equity by a town against a landowner to enjoin stripping of a large tract of land as contrary to the plaintiff's zoning by-law, a decree favorable to the defendant was supported by evidence of establishment of stripping as a preëxisting nonconforming use of most of the tract through substantial excavation and stripping thereon and actual occupation thereof in a manner physically appropriating it to such use previous to the adoption of the zoning by-law.

BILL IN EQUITY, filed in the Superior Court on May 18, 1950.

The plaintiff appealed from a final decree entered after hearing by *Forte*, J.

In this court the case was submitted on briefs.

*G. M. Owen*, for the plaintiff.

*E. A. Hathaway*, for the defendant.

LUMMUS, J.   The plaintiff town, by this bill in equity, seeks to restrain the defendant from stripping sand and gravel from about seventy-five acres of land which he owns

in the town. The land is in a residential A area under the zoning by-law of the town, which provides that in a residential A district "no . . . premises shall be used for any purpose except" enumerated purposes which do not include the stripping of land.

The zoning by-law was adopted in 1942 and approved by the Attorney General on November 14, 1942. By its terms it does not apply to the existing use "of land to the extent to which it is used at the time of the adoption of this by-law." That conforms to G. L. (Ter. Ed.) c. 40, § 26, as appearing in St. 1933, c. 269, § 1.

On December 17, 1941, the defendant entered into a written agreement with Mary Olive Mahoney, the owner of the land in question, by which Mahoney gave to the defendant an option to buy the land at the price of $35,000, with the right to remove gravel in the meantime. On April 26, 1950, the option having been exercised, Mahoney conveyed the land to the defendant. There was evidence that, beginning in 1940, the defendant excavated and stripped sand and gravel from the Mahoney land, to a substantial extent, and did so before the adoption of the zoning by-law. It does not appear, as it did in *Burlington* v. *Dunn,* 318 Mass. 216, 223, that the earlier stripping was confined to a small part of the land. See also *Inspector of Buildings of Burlington* v. *Murphy,* 320 Mass. 207, 210. The testing of the soil and the preparation for stripping that had preceded the adoption of the zoning by-law devoted the whole land "to the use by actual occupation of the land in a manner physically appropriating it to the use." *Billerica* v. *Quinn,* 320 Mass. 687, 689.

The zoning by-law provides that a nonconforming use "may continue to exist and be used, provided such use has not been discontinued for a period of two (2) years." The plaintiff town suggests here that there was a discontinuance for two years. There is no allegation as to the subject in the bill. And there was no evidence of such a discontinuance that the judge was required to believe.

The judge, by the final decree, restrained the defendant

from stripping two different parcels, included in the Mahoney tract, but not the remainder thereof, and the plaintiff town appealed.   The evidence is reported, but there is no express finding of facts.   Under these circumstances the decree cannot be disturbed unless the evidence convinces us that it was plainly wrong.   *Culhane* v. *Foley*, 305 Mass. 542.   *O'Hearn* v. *O'Hearn*, 327 Mass. 242, 243.   A careful reading of the evidence discloses no error.   The plaintiff, in our opinion, has not shown itself entitled to any relief beyond that which it obtained.

*Decree affirmed, with costs of this appeal to the defendant.*