FRANCIS F. BOLES, trustee, *vs.* ROBERT W. KATZ.

Norfolk.   January 6, 1960. — February 12, 1960.

Present: WILKINS, C.J., SPALDING, WILLIAMS, COUNIHAN,
& WHITTEMORE, JJ.

*Limitations, Statute of.   Payment.*

Payments by a debtor to a creditor who carried on a running account
with the debtor for many items of materials and labor furnished, which
were made at times when the statute of limitations had not run against
any of the items and were found to have been made without specific
direction as to application but intended for general application to the
account and to have been properly so applied thereto by the creditor,
even though each payment corresponded in amount with the amount
of particular items, prevented the statute of limitations from barring
an action for the entire balance of the account commenced less than
six years after such payments although more than six years after the
times of furnishing the materials and labor.

CONTRACT.   Writ in the Superior Court dated May 24,
1956.

The action was heard by *Tomasello,* J.

*Alan L. Lewis,* for the defendant.

*Melvin J. Levine,* for the plaintiff.

COUNIHAN, J.   This is an action of contract upon an
account annexed for a balance due for plumbing supplies,
material and labor furnished Robert W. Katz and his wife
Isabelle by the plaintiff.   There was a finding for Isabelle.
Robert in addition to a general denial set up the statute of
limitations.   G. L. c. 260, § 2, as amended through St. 1948,
c. 274, § 1.

The action was referred to an auditor who filed a report in
favor of the plaintiff.   Upon a reservation of rights by the
defendant the action was tried in the Superior Court to a
judge without jury who found for the plaintiff.   It comes
here upon exceptions of the defendant to the action of the
judge upon twenty-seven requests for rulings by the defend-
ant.   There was no error.

The auditor's report is incorporated in the bill of exceptions so we assume that it was in evidence before the judge. Other testimony came from the plaintiff and the defendant. The writ in this action was dated May 24, 1956.

The record shows that the plaintiff at the request of the defendant carried on three running accounts with the defendant, one of which was called the Talbot account, another the Regular account, and the third the University Road account with which we are not concerned. The Talbot account shows charges from September 19, 1949, to May 3, 1950, for seventeen items for material, supplies and labor furnished the defendant at his request by the plaintiff with credits noted on the plaintiff's ledger sheet for payments received from the defendant, the last three of which were dated June 3, 1950, July 3, 1950, and July 12, 1950. The Regular account shows charges from August 24, 1949, to April 27, 1950, for fifteen items similar to those in the Talbot account against the defendant by the plaintiff. The last payment by the defendant as shown by the ledger sheet of the Regular account was made on June 3, 1950.

The sole issue before us is whether these last four payments, which were the only payments made within six years before the bringing of the action, were general payments on the defendant's entire indebtedness or were payments of specific items of indebtedness.

The judge in connection with his disposition of the defendant's requests for rulings made findings of fact which are decisive of the issue here to be determined. He found specifically that ". . . [the] plaintiff performed work according to declaration; that same was fair and reasonable; that there was no specific direction as to [the] application of payment by [the] defendant . . .; [that the] plaintiff properly applied payment to running account." He ruled that the "statute of limitations [was] no bar to recovery." He also expressly found "on [the] facts payments made were intended for application to running account."

It was pointed out in *Kennedy* v. *Drake*, 225 Mass. 303, at page 308, that "[t]he effect of . . . [a] payment upon

. . . [a] general account consisting of many items, some of which were barred by the statute of limitations, was to renew all obligations of that account so far as they were not barred by the statute. . . ."

To the same effect is *Day* v. *Mayo,* 154 Mass. 472, 474, wherein it is said, "Where a partial payment is made on account of an existing indebtedness, the whole debt upon which such payment is made is thereby taken out of the statute of limitations up to that time. . . . But if it is shown that the payment was made to apply upon an indebtedness consisting of many items, all of them will thereby be saved from the effect of the statute. The payment is an acknowledgment of the existence of the indebtedness, and raises an implied promise at that time to pay the balance."

It is significant that the June, 1950, and July, 1950, payments on the Talbot account and the June, 1950, payment on the Regular account were made at times when the statute of limitations had not run against any of the items in either of these accounts.

The defendant contends that because each of these payments corresponded with several of the items in these open accounts there was a specific direction to apply such payments to such items. This contention cannot be sustained in view of the express findings of the judge that no specific directions as to the application of such payments were ever given by the defendant and more especially his finding that the payments made were intended for application to the running accounts.

*Exceptions overruled.*