*Municipal Court of the City of Boston*

No. 491338

**HOME SAVINGS BANK**

v.

**JAMES C. WILSON, JR., ET AL**

(March 18 — June 27, 1960)

*Present:* Adlow, C. J., Riley & Lewiton, JJ.

Case tried to *Glynn, J.*

*Lewiton, J.* The plaintiff here seeks to recover the balance due on a promissory note for $5,000 secured by real estate mortgage, after foreclosure by sale. In its declaration, the plaintiff alleged the execution of the note and mortgage by the defendants on June 16, 1951, defaults in payment thereof, and the liability of the defendants for a deficiency remaining after sale of the mortgaged property. So far as is here material, the defendants answered by a general denial and by allegations that the plaintiff failed to give proper notice of the foreclosure sale or to conduct the sale in good faith in accordance with law. The case is here on the defendants' claim that they are aggrieved [1] by a ruling on evidence during the trial and [2] by the denial of certain requests for rulings which they filed at the close of the evidence.

There was no error in any of the challenged rulings.

The note and mortgage in question were introduced in evidence as exhibits. There was further evidence to show that the note was in default in the amount of $2906.66 on May 20, 1958; that the mortgaged property was sold at auction on July 30, 1958 to the plaintiff for $500, this being the only bid at the auction sale; that on August 18, 1958 the

plaintiff sold the property to Millson Realty Corporation (not shown by the report to be connected in any way with the plaintiff, its officers or agents) for $550; that the defendants had paid nothing since May 20, 1958; that prior to the sale, notice was sent to the three defendants by certified mail, and that an affidavit of notice pursuant to G. L. (Ter. Ed.) c. 294, §17B was executed by the attorney for the plaintiff on July 8, 1958; that the foreclosure sale of the property had been authorized by a decree of the Land Court; and that the attorney for the plaintiff duly recorded an affidavit of entry and a foreclosure deed.

In the course of the testimony of a witness who had acted as attorney for the plaintiff, the latter offered in evidence Exhibit 3, consisting of the aforementioned affidavit of notice executed by the attorney, to which were attached certified mail receipts of the defendants Wilson and Lane, and the still-sealed notice addressed to the defendant Bean "c/o Electronics Corporation, 1 Memorial Drive, Cambridge, Mass.", which had been returned to the plaintiff, by the postal authorities, marked "Moved. Left no address." The attorney also testified that this was the last known address of Bean according to the plaintiff's records. The exhibit was admitted in evidence over defendants' objection on the ground that the affidavit contained what purported to be a copy of the notice of sale alleged to have been sent by

the plaintiff to each defendant, and that this violated the best evidence rule, there having been no demand on the defendants to produce the original notice. The objection to the admission of this exhibit was wholly without merit. The pertinent statute (G. L. (Ter. Ed.) c. 244, §17B) specifically requires, as a prerequisite to an action on a deficiency, the execution of such an affidavit of notice substantially in the form set forth in Exhibit 3, including a copy of the notice sent by the mortgagee, and the statute further provides that "such an affidavit made within the time specified shall be prima facie evidence in such action of the *mailing* of *such notice*." (underscoring supplied). Since the affidavit was in the form prescribed by the statute, it was thus expressly made admissible by statute, assuming that the affidavit was executed within the time specified in the statute.

With respect to time, the statute provides that the affidavit shall be "signed and sworn to, within 30 days *after* the foreclosure sale . . ." (G. L. (Ter. Ed.) c. 244, §17B). The defendants now contend that Exhibit 3 was not admissible for the reason that the affidavit was executed *prior* to the foreclosure sale, whereas the statute requires that it be executed within 30 days *after* the sale. We do not agree with this interpretation of the statute, and we hold that the affidavit in question, though executed prior to the foreclosure sale, was "made within the time specified" in G. L. (Ter. Ed.) c. 244, §17B.

*Tanzilli v. Casassa,* 324 Mass. 113, 115; *McDermott v. Jamula,* 328 Mass. 236, 241; *Sherer v. Sherer,* 320 Mass. 351, 354.

■ The defendant Bean further argues that the notice allegedly sent to him was defective on its face in that it was addressed to him at a business address in care of a business corporation. The statute requires that notice be sent to the person sought to be charged with the deficiency "at his last address then known to the mortgagee". There was testimony by the attorney then acting for the plaintiff bank that this was the last address of Bean then known to the bank. The report is bare of any evidence from which it could be found or inferred that the plaintiff, at the time notice of intention to foreclose was sent, knew of any other address of the defendant Bean or could have found one by the exercise of diligence.

■ While it is of course true that a mortgagee must exercise good faith and reasonable diligence to protect the interests of the mortgagor in foreclosure proceedings, *(West Roxbury Cooperative Bank v. Bowser,* 324 Mass. 489, 492; *Sandler v. Silk,* 292 Mass. 493, 496) the evidence reported here did not require a finding, even if it would have warranted one, which we do not decide, that the plaintiff failed to exercise good faith and reasonable diligence in the conduct of this sale. It is well settled that mere inadequacy of the price which mortgaged property brings at a foreclosure sale is not conclusive evidence

of impropriety in the conduct of the sale. *West Roxbury Coop. Bank v. Bowser,* 324 Mass. 489, 493; *Chartrand v. Newton Trust Co.,* 296 Mass. 317, 320; *McCarthy v. Simon,* 247 Mass. 514, 522. In this case, there was no evidence as to the fair market value of the property in question at the time of sale. The defendants rely principally on the fact that in 1951 the plaintiff bank loaned $5,000 on the security of a mortgage of this property and that at the foreclosure sale seven years later, the only bid obtained was that made in behalf of the plaintiff in the amount of $500. This discrepancy in amounts, it is argued, demonstrates as matter of law a breach of the mortgagee's duty to conduct a fair and reasonable foreclosure sale. While the price differential is indeed a striking one, we do not have the benefit of any evidence as to the physical condition of the premises in 1958 as compared with 1951, or as to conditions in the surrounding area, or other pertinent data affecting the value of the property at the time of the foreclosure sale. Certainly its value in 1951 does not conclusively indicate to any degree whatever its value in 1958. On the other hand, the fact that the plaintiff conveyed this property to another corporation, not shown to be connected with the plaintiff in any way, for $550 within three months after the foreclosure sale, tends to refute any contention that the price for which the property was sold at the foreclosure sale was materially less than its fair value at the time.

 Finally, it is argued by the defendants, none of whom appeared at the trial, that they were not adequately identified as being the persons who executed the note upon which the action is based. It is a sufficient answer to this contention that the declaration alleged that the defendants had executed the note and that none of them at any time had filed a specific denial of the genuineness of his signature and a demand that it be proved at the trial. (See G. L. (Ter. Ed.) c. 231, §29; cf. St. 1960, c. 263.) The failure of the defendants to make such specific denial and demand for proof had the effect of an admission of the genuineness of their signatures, and made the document admissible as evidence of the act of the defendants without further proof. *McDuffee v. Kelsey,* 312 Mass. 458, 459-60; *W. A. Robinson, Inc. v. Burke,* 327 Mass. 670, 673; *Gibbs v. Lido of Worcester, Inc.,* 332 Mass. 426, 430; *Scholl v. Gilman,* 263 Mass. 295, 298; *Dean v. Vice,* 234 Mass. 13, 16. Report dismissed.