Welsh, J.
This is an action by the assignee of the issuer of a credit card to collect a balance alleged to be due and attorney’s fees incurred in the collection effort.
The answer essentially denies the allegations in the complaint and avers the statute of limitations and issue preclusion as affirmative defenses.
The judge allowed plaintiffs motion for summary judgment and awarded damages and attorney’s fees. The defendant appeals. We affirm.
Plaintiff commenced a small claims proceeding in the East Boston District Court on December 13,2000 seeking recovery of $2,000 plus costs. Presumably because of the damage ceiling on small claims actions the amount was reduced to $2,000 and no attorney fees were sought On February 27,2001, following a hearing during which the statute of limitations was argued, the action was dismissed. There is some suggestion in appellants brief that the dismissal was conditional, i.e. unless the plaintiff produced documentation evidencing payment suspending the running of the statute of limitations in three months, the dismissal would take effect The small claims docket is silent on that point Plaintiff apparently took no further action in the small claims proceedings and instead instituted the present civil action for the same cause of action in the Brookline District Court on May 16,2001, seeking both damages and an attorney’s fee. On November 21,2001, the judge allowed plaintiffs motion for summary judgment awarding damages in the sum of $6,526.45, plus $2,500 attorney’s fee, plus interest and costs.
There was neither error of law nor an abuse of discretion.
1. The statute of limitations: The burden of proving that an action is commenced in a timely fashion is upon the plaintiff where the defense of the statute of limitations is duly pled. Chandler v. Dunlop, 311 Mass. 1, 7 (1942). A payment on account of a debt before the expiration of the time allowed to commence an action may revive the debt. Boles v. Katz, 340 Mass. 406, 407 (1960). The plaintiff has the burden of proving facts that will take the case out of the statute of limitations. Williams v. Ely, 423 Mass. 567, 474 (1996). The plaintiff submitted materials to establish that a partial payment was made on account which would revive the debt. The defendant does not meet his burden by denying the payment and blandly asserting that he couldn’t remember making the payment. See Community National Bank v. Dawes, 369 Mass. 550, 554 (1976).
2. Issue preclusion: We shall assume, for purposes of our analysis, that the dismissal in the small claims had the requisite finality for purposes of issue preclusion.[1] See Adams, Harkness & Hill, Inc. v. Northeast Realty Corp., 361 Mass. 559, 556 (1972).
*146 The decisive inquiry concerning the applicability of the principle of issue preclusion as regards the defense of the statute of limitations is whether the party against whom preclusion is sought had a full and fair opportunity in the prior action or proceedings to litigate the issue in question. Treglia v. MacDonald, 430 Mass. 237, 241 (1999). Differences in the procedures available in the two actions may require this court to refuse to give preclusive effect to an issue litigated in the prior action. Lykes Bros. S.S. Co., Inc. v. General Dynamics Corp., 512 F. Supp. 1266 (D. Mass. 1971). We conclude that in this instance the doctrine of issue preclusion does not prevent the defendant from raising the defense of the statute of limitations. An important consideration in deciding whether a judgment is final for purposes of issue preclusion is whether the prior decision was subject to judicial review. Arthur D. Little, Inc. v. East Cambridge Savings Bank, 35 Mass. App. Ct. 734; review denied 417 Mass. 1103 (1994). The RESTATEMENT OF JUDGMENTS, SEC OND §28, takes the position that although an issue is actually litigated and determined by a valid and final judgment, relitigation of the issue in a subsequent action between the parties is not precluded where the party against whom preclusion is sought could not, as a matter of law, have obtained judicial review of the judgment. A plaintiff in a small claims action has no right to an appeal or to judicial review. G.L.c. 218, §23; Fijal v. Anderson, 49 Mass. App. Ct. 903 (2000); see Pandy v. Ware Division of the District Court Dept., 419 Mass. 1009 (1999). There was no remedy to correct an error of law with respect to the ruling on the statute of limitations. It would be unfair to hold that the plaintiff could not relitigate the statute of limitations issue in the present action. The Supreme Judicial Court has adopted the approach suggested in the RESTATEMENT OF JUDGMENTS. In Jarosz v. Palmer, 436 Mass. 526 (2002), the court held that the doctrine of issue preclusion may not be applied where there is no method of review of the prior ruling on the issue. Id. at 529. Parenthetically, even when all elements required under the law of the Commonwealth are established for issue preclusion, the principle will not be applied when a controlling circumstance has changed. See South Boston Allied War Veterans Council v. City of Boston, 875 F. Supp. 891, 909 (D. Mass. 1996).
3. Summary Judgment: The defendant contends that the judge abused his discretion by refusing to afford him an opportunity for discovery before ruling on the motion for summary judgment. We disagree. The docket shows that the action had been pending for over six months before the hearing on the motion for summary judgment. The defendant had ample opportunity to obtain discovery of relevant documents. Since the defendant participated in the former small claims action, he is chargeable with knowledge that the statute of limitations was a crucial issue. Indeed, it was he who raised the question. He had ample time to consult his own financial records and to inquire whether a family member or someone else might have made a partial payment on account which might have the effect of renewing the debt and extending the statute of limitations. The record before the judge unequivocally disclosed a payment of $150 on account on June 16, 1995. There was no indication of another obligor on the account, nor does the defendant allude to one. The defendant admitted receiving statements of account periodically and having made payments on the account from time to time, although he says he does not specifically remember making the June 16,1995 payment.
We reject the defendant’s contention that failure to include a signed copy of the contract prevented the award of summary judgment. The plaintiff alleged in his materials that the document was a true copy of the contract between the defendant and the plaintiffs assignor. The defendant did not specifically deny this. Moreover, the defendant’s admitted use of the account and making payments on account rendered the assertion of lack of signature spurious. Community National Bank v. Dawes, 369 Mass. 550, 558 (1976). The defendant made no demand in his answer for proof of signature. The signature to an instrument set forth in any *147 pleading shall be taken as admitted unless a party specifically denies its genuineness. Mass. R. Civ. P., Rule 8(b). See W.A. Robinson, Inc. v. Burke, 327 Mass. 670, 673 (1951) (Decided under former G.L.c. 231, §29); Home Savings Bank v. Wilson, 20 Mass. App. Dec. 32, 38 (1960). The sworn attestation by the keeper of the records that the instrument annexed to the complaint is a true and accurate copy of the contract is not to be disregarded simply because it does not contain a signature of the defendant. Whether the copy without more meets all of the criteria for admissibility into evidence at trial is not the issue. See Patterson v. Hantzes, 5 Mass. App. Ct. 806 (1977). Without deciding the point, we observe that in all likelihood the plaintiff would have little difficulty in establishing a sufficient foundation for admission into evidence of the ledger record as a business record. See G.L.c. 233, §79J. Notwithstanding appellant’s suggestion to the contrary, it was not required to demonstrate that the keeper of the records had personal knowledge of the facts underlying the business entry. Sawyer & Co. v. Southern Pacific Co., 354 Mass. 481, 484 (1968). The requirement in Rule 56 that an affidavit be based on personal knowledge of the affiant extends to knowledge of the records and not to the data which formed the basis for entries in the business records. To hold otherwise would require the proponent of the affidavit to prove more than it would be required to do at a trial, contrary to the salutary purposes served by summary judgment. “The motion may and should be granted so long as whatever is before the... court demonstrates that the standard for entry of summary judgment is satisfied.” Celotex Corp. v. Catrett, 477 U.S. 314, 323 (1988).
4. The effect of partial payment: In order for a partial payment to be effective to vitiate the bar of the statute of limitations, the circumstances attending such payment must be sufficient to support a reasonable inference that by making the payment the debtor intended to renew the promise to pay the debt. Provident Institute for Savings v. Merrill, 311 Mass. 168, 171 (1942). In order for a partial payment to take the debt out of the operation of the statute of limitations, it must be made by the person to be charged or his agent. Vaughn v. Mansfield, 229 Mass. 352, 356 (1918). Payment on account by a third party for their own benefit will not have the effect of extending the limitation period. Provident Institute for Savings v. Merrill, supra, at 171. The affidavit and materials unequivocally indicate that the defendant is the sole obligor. Other than the defendant’s suggestion that some family member may have made the payment, he offers no countervailing material affirmatively showing this. Clearly, there is no showing that any third party might have benefited from having made such a payment. In short, the suggestion that possibly a third party made the payment is simply not enough to defeat the well supported motion for summary judgment.
5. Counsel fees: The motion judge could properly rely upon his legal experience in evaluating the written submittal for the award of counsel fees. Fontaine v. Ebtec Corp., 415 Mass. 309, 324 (1993). Certainly he had first-hand knowledge of the efforts expended by counsel for the plaintiff regarding the motion for summary judgment. We note that the judge did not accept indiscriminately the amount sought and in fact reduced it by nearly half. The defendant had the affidavit of counsel reflecting a detailed itemization of the services rendered. He submitted no countervailing affidavit. Nor did he demonstrate any profligate expenditure of time or “bill padding” in pursuit of this claim by the plaintiff. A judge has considerable latitude in determining the amount of counsel fees to be awarded. Such an award will not be disturbed on appeal without a clear showing that the award was excessive. Keville v. McKeever, 42 Mass. App. Ct. 140, 155-156 (1997). Certainly, the award was not disproportionate to the services necessary to pursue the matter. See Smith v. Smith, 361 Mass. 733, 738 (1972). No evidentiary hearing was required to properly assess the amount of attorney’s fees. Heller v. Silverbranch Constr. Corp., 376 Mass. 621, 629-630 (1978).
*148 Agreeably to the principles set forth in Yorke Management v. Castro, 406 Mass. 17, 19-20 (1998), the appellee may file with the clerk of the Appellate Division in 10 days his request for additional attorney’s fees and costs associated with this appeal. The appellant shall have 10 days from the filing of such requests to file an opposing affidavit and this court will then determine an amount without further hearing.
The judgment is affirmed.
So ordered.

 The small claims docket does not indicate a judgment for either party but simply notes a dismissal. The docket refers to a motion to dismiss, but neither content of the motion nor the action of the magistrate thereon is included in the record.