NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

16-P-874                                      Appeals Court

       ZELBY HOLDINGS, INC.  vs.  VIDEOGENIX, INC.


                     No. 16-P-874.

     Norfolk.     February 10, 2017. - August 18, 2017.

          Present:  Green, Milkey, & Neyman, JJ.


Negotiable Instruments, Note, Payment.  Uniform Commercial Code,
     Payment on negotiable instrument.  Payment.  Limitations,
     Statute of.  Practice, Civil, Motion to dismiss, Statute of
     limitations.  Common Law.  Contract, Unjust enrichment.
     Unjust Enrichment.



     Civil action commenced in the Superior Court Department on
July 24, 2015.

     A motion to dismiss was heard by Rosalind H. Miller, J.


     Thomas Hemmendinger for the plaintiff.
     Andrea L. Martin for the defendant.


     NEYMAN, J.  Zelby Holdings, Inc. (Zelby), brought this

action in 2015 in the Superior Court against VideogeniX, Inc.

(VideogeniX), to collect on a promissory note (note) due in

2006.  VideogeniX successfully moved to have the complaint

dismissed.  The primary issue on appeal is whether the common-

law partial payment rule applies to actions subject to the six-year statute of limitations set forth in G. L. c. 106, § 3-118. We conclude that it does and reverse accordingly.

Background. We summarize the facts alleged in Zelby's complaint, accepting them as true. On March 24, 2005, VideogeniX's predecessor signed a note for $30,000 in favor of Zelby's predecessor. The note was due on March 25, 2006. On September 15, 2008, Zelby's predecessor demanded payment.[1] On June 1, 2010, VideogeniX issued a check for $250 to Zelby's predecessor. VideogeniX made no other payments.[2]

On July 24, 2015, Zelby filed the present action alleging breach of contract, "book account," and unjust enrichment. A Superior Court judge allowed VideogeniX's subsequent motion to dismiss, concluding that all three counts were barred by the statute of limitations under G. L. c. 106, § 3-118, and that the unjust enrichment count failed to state a cognizable claim under Mass.R.Civ.P. 12(b)(6), 365 Mass. 754 (1974).

Discussion. 1. Legal standards. a. Motion to dismiss. "We review the allowance of a motion to dismiss de novo, accepting the allegations in the complaint as true and drawing

---

[1] Zelby alleges that "[o]n September 15, 2008, after prior attempts to collect on the Note, [Zelby's predecessor] demanded payment under the Note through her attorney."

[2] Zelby was assigned the rights under the note on May 10, 2012, and demanded payment thereafter.

all reasonable inferences in the plaintiff's favor." Harrington v. Costello, 467 Mass. 720, 724 (2014). "To survive a motion to dismiss, the factual allegations must plausibly suggest that the plaintiff is entitled to relief." Ibid., citing Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008).

b. Statute of limitations. In 1998, the Legislature adopted G. L. c. 106, § 3-118, a six-year statute of limitations specific to negotiable instruments. See Premier Capital, LLC v. KMZ, Inc., 464 Mass. 467, 472 (2013) (G. L. c. 106, § 3-118, created uniform statute of limitations for all actions arising under art. 3 of Uniform Commercial Code [UCC] and replaced "all other statutes of limitations that might otherwise apply to negotiable instruments"). It provides, in relevant part, that "an action to enforce the obligation of a party to pay a note payable at a definite time must be commenced within six years after the due date or dates stated in the note." G. L. c. 106, § 3-118(a), inserted by St. 24, § 8.

c. Partial payment rule. Massachusetts courts have long held that a party may toll or take an indebtedness out of the operation of the applicable statute of limitations by making a partial payment on a debt. See Day v. Mayo, 154 Mass. 472, 474 (1891); Alpert v. Radner, 293 Mass. 109, 111 (1936); Lumbermens Mut. Cas. Co. v. Y.C.N. Transp. Co., 46 Mass. App. Ct. 209, 215 (1999). The partial payment effectively resets the statute of

limitations on the entire amount owed from the date of the payment where the circumstances "support a fair and reasonable inference that the debtor intended to renew his promise of payment." Provident Inst. for Sav. v. Merrill, 311 Mass. 168, 171 (1942). See DiCarlo v. Lattuca, 60 Mass. App. Ct. 344, 349 (2004). See also Day, supra; Our Lady of the Sea Corp. v. Borges, 40 Mass. App. Ct. 484, 491-492 (1996). The longstanding rationale for the rule is simple: the partial payment serves as "an acknowledgment that an indebtedness exists and, from the payment, the law implies a new promise to pay the balance." Merrill, supra.

2. Analysis. a. Breach of contract. With these well-established principles in mind, we examine whether the partial payment rule applies to actions subject to G. L. c. 106, § 3-118. This is an issue of first impression for Massachusetts appellate courts.

Zelby makes the following contentions. Section 3-118 merely sets the statute of limitations for promissory notes at six years, but does not address tolling or other rules related to the application and enforcement of the statute of limitations. Therefore, § 3-118 does not abrogate the well-established body of common law applying the partial payment rule to promissory notes. Indeed, the UCC explicitly preserves the applicability of common-law principles under G. L. c. 106, § 1-

103(b).  Accordingly, when VideogeniX issued a check to Zelby's predecessor on June 1, 2010, as "partial payment of its obligations," VideogeniX made an implied promise to pay the entire debt, and this new promise reset the expiration of the statute of limitations to June 1, 2016, rendering this action, filed on July 24, 2015, timely.

VideogeniX counters that the partial payment rule does not apply to actions subject to G. L. c. 106, § 3-118, because the plain language of § 3-118 dictates that the "due date or dates stated in the note" trigger the statute of limitations. VideogeniX reasons that, because "[t]here is no provision in § 3-118 to forestall or revive the accrual of the statute of limitations by partial payment in the case of a note payable at a definite time," the partial payment rule does not apply here. VideogeniX asserts that had the Legislature intended to carve out such an exception, it would have done so.  VideogeniX also argues that "[t]he purpose underlying [the] adoption [of § 3-118] is clear:  to increase uniformity in the law of negotiable instruments across States, such that parties need not look beyond art. 3 [of the UCC] to determine the applicable time frame within which to file suit."  Premier Capital, LLC, 464 Mass. at 471.  Given this purpose, the adoption of § 3-118 negated the application of the partial payment rule.  In short, VideogeniX claims that we should not look beyond § 3-118 to

resolve disputes regarding the statute of limitations, and thus Zelby was obligated to commence the action no later than March 25, 2012.

Although VideogeniX's argument contains a measure of persuasiveness, it ignores the fundamental requirement that § 3-118 must be read in conjunction with other sections of the UCC, including § 1-103(b).  See Reading Co-Op. Bank v. Suffolk Constr. Co., 464 Mass. 543, 548 (2013).  Section 1-103(b) dictates that existing principles of law and equity supplement the UCC's provisions unless "displaced" by "particular provisions."[3]  See id. at 549.  Here, § 3-118 does not contain a particular provision repealing or displacing the common-law partial payment rule.  See ibid. ("[A] statute is not to be interpreted as effecting a material change in or a repeal of the common law unless the intent to do so is clearly expressed" [quotation omitted]).  Moreover, neither § 3-118 nor any other section of art. 3 purports to delineate the circumstances under which the six-year statute of limitations may be tolled, renewed, or otherwise affected.  Comment 1 to § 3-118 is particularly instructive in this regard:

---

[3] General Laws c. 106, § 1-103(b), inserted by St. 2013, c. 30, § 2, provides, in relevant part:  "[u]nless displaced by the particular provisions of this chapter, the principles of law and equity . . . supplement its provisions."

> "The only purpose of Section 3-118 is to define the time within which an action to enforce an obligation, duty, or right arising under Article 3 must be commenced. Section 3-118 does not attempt to state all rules with respect to a statute of limitations. For example, the circumstances under which the running of a limitations period may be tolled is left to other law pursuant to Section 1-103." (Emphasis supplied).

Comment to G. L. c. 106, § 3-118, 14 Mass. Gen. Laws Ann. at 54 (West 1999). See Pride Hyundai, Inc. v. Chrysler Financial Co., 369 F.3d 603, 614 (1st Cir. 2004) ("UCC Official Comments do not have the force of law, but are nonetheless the most useful of several aids to interpretation and construction of the [UCC]" [quotation omitted]). In other words, the Legislature did not displace the partial payment rule, and expressly preserved common-law principles such as tolling of the statute of limitations. As there is nothing in § 3-118 that precludes the application of the partial payment rule to actions on a promissory note, VideogeniX's contention is unavailing.

VideogeniX also claims that because § 3-118 applies to a "due date," rather than to a date upon which "the cause of action accrues," Massachusetts common law should not guide our analysis. We disagree. At common law, a partial payment constitutes an implied promise to pay, which rests on an independent basis from the due date expressed in the note. See Merrill, 311 Mass. at 171. Moreover, at common law an action for breach of contract accrues at the time of the breach. See

Boston Tow Boat Co. v. Medford Natl. Bank, 232 Mass. 38, 41 (1919). In the case of a failure to pay on a promissory note, the breach occurs when the payment is due. Thus, in the present case there is no meaningful distinction between the accrual date and the due date delineated in § 3-118.

Finally, VideogeniX argues that the cases relied upon by Zelby are inapposite because the entire body of common law applying the partial payment rule predates the adoption of § 3-118, which abrogated the application of the statutes of limitations under G. L. c. 260 to promissory notes. See Premier Capital, 464 Mass. at 471, quoting from Lemelman, Manual on Uniform Commercial Code § 3:53, at 456 (rev. 3d ed. 2012) ("The enactment of G. L. c. 106, § 3-118, was intended to 'replace the earlier need to reference the general statute of limitations found in [G. L.] c. 260'").[4] The claim is unpersuasive. Although we have not expressly recognized the applicability of the partial payment rule to an action subject to § 3-118, we have likewise never addressed, much less rejected, the applicability of the rule in this context. We do so now, and

---

[4] The judge concluded, inter alia, that while "Massachusetts case law supports the addition of a common law partial payment exception to G. L. c. 260, § 2 prior to 1998, there is no such exception in the case law applicable to a note payable at a definite time after 1998." We note that the judge did not have the benefit of Massachusetts appellate court precedent in deciding this issue.

hold that where the Legislature did not expressly displace the partial payment rule, and expressly preserved common-law principles applicable to a statute of limitations analysis, the adoption of § 3-118 did not terminate the applicability of the rule to actions on a promissory note.  Courts in other jurisdictions addressing the applicability of the partial payment rule to § 3-118 and other sections of the UCC have reached conclusions consistent with our holding in this case.[5]

We do not opine whether the circumstances here ultimately support the inference that VideogeniX intended to renew its promise to pay on the note or constituted an unequivocal acknowledgment of the debt.  We hold only that Zelby's breach of contract claim, as alleged, plausibly entitles it to relief, such that the motion to dismiss that count should have been

---

[5] See, e.g., Ponce de Leon vs. Offner, U.S. Dist. Ct., Nos. 02 C 3919 & 03 C 3327 (N.D. Ill. Aug. 2, 2004); DRFP L.L.C. v. República Bolivariana de Venezuela, 151 F. Supp. 3d 809, 824-825 (S.D. Ohio 2015); Bluestone Trading Co. vs. Storey, Bankr. Ct., No. 10-20926 (N.D. Ohio Sept. 7, 2011); JSA Financial Corp. v. Quality Kitchen Corp. of De., 113 Conn. App. 52, 55-56 (2009); Alarmax Distribs., Inc. v. New Canaan Alarm Co., 141 Conn. App. 319, 327 n.4 (2013); Hughes v. Hughes, 370 Mont. 499, 503-504 (2013); Castellano v. Bitkower, 216 Neb. 806, 810-811 (1984); Skaneateles Sav. Bank v. Modi Assocs., 668 N.Y.S.2d 819, 820 (1998); Giordano v. Westchester County Dept. of Parks, Recreation & Conservation, 821 N.Y.S.2d 242, 243 (2006); CPB Intl., Inc. v. Federal Labs. Corp., 958 N.Y.S.2d 854, 857 (2013); Keota Mills & Elevator v. Gamble, 243 P.3d 1156, 1161 (Okla. 2010); Hamilton v. Pearce, 15 Wash. App. 133, 137-138 (1976).

denied. See Merrill, supra; DiCarlo, 60 Mass. App. Ct. at 349-350.

b. Book account. For similar reasons, Zelby's book account[6] claim should not have been dismissed. An action on an account stated is not an action upon the original debt, but a new cause of action, which accrues when a debtor acknowledges the existence of an outstanding debt. See King v. Davis, 168 Mass. 133, 134 (1897); Berwin v. Levenson, 311 Mass. 239, 245 (1942). The six-year statute of limitations on such actions runs from the date of the statement of account. See King, supra; Berwin, supra at 245-246.

Here, Zelby alleges that its predecessor demanded payment from VideogeniX on the "Promissory Note of the Company in the amount of $30,000 dated March 24, 2005," and VideogeniX issued a check to Zelby's predecessor in the amount of $250 thereafter on June 1, 2010. Drawing all reasonable inferences in Zelby's favor, a cause of action for an account stated accrued on the date VideogeniX acknowledged the existence of the debt, June 1, 2010. Hence, for purposes of our analysis at the rule 12(b)(6)

---

[6] The parties and the judge analyzed this claim as an action on "an account stated," relying on common-law authority corresponding thereto. VideogeniX does not challenge this treatment on appeal, and we thus accept it for purposes of our analysis on a motion to dismiss. See, e.g., Spadea v. Stewart, 350 Mass. 218, 222 (1966) ("[T]he character of a pleading or other paper filed in a cause is to be determined from its essential substance and not from its descriptive title or name" [quotation omitted]).

stage, the account stated claim was timely filed on July 24, 2015. Whether VideogeniX's $250 payment by check ultimately constituted the acknowledgment of an outstanding debt is a question of fact which we cannot resolve on the record before us. See Westminster Natl. Bank v. Graustein, 270 Mass. 565, 581 (1930) (whether writing is sufficient acknowledgement is question of fact).

c. Unjust enrichment. The parties do not dispute that the six-year statute of limitations governs Zelby's claim of unjust enrichment. VideogeniX argues, however, that the statute had run because Zelby failed to file its complaint within six years of the due date on the note. We disagree. As with the book account claim, the unjust enrichment claim did not accrue on the due date of the note, but on the date VideogeniX made the $250 payment, from which the law could imply an entirely new promise to pay. See Sutton v. Valois, 66 Mass. App. Ct. 258, 265 (2006) (determination on unjust enrichment "hinges on the reasonable expectations of the parties" [quotation omitted]). Therefore, Zelby's complaint sufficiently pleads a claim of unjust enrichment within the six-year statute of limitations. See generally Salamon v. Terra, 394 Mass. 857, 859 (1985).

VideogeniX further argues that the unjust enrichment claim cannot stand because there is already a valid contract for payment. It is well settled that a claim of unjust enrichment

"will not lie where there is a valid [underlying] contract that defines the obligations of the parties." Metropolitan Life Ins. Co. v. Cotter, 464 Mass. 623, 641 (2013) (quotation omitted). See Restatement (Third) of Restitution and Unjust Enrichment § 2(2) (2011) ("A valid contract defines the obligations of the parties as to matters within its scope, displacing to that extent any inquiry into unjust enrichment"). However, Mass.R.Civ.P. 8(e)(2), 365 Mass. 749 (1974), permits a party to state as many separate claims or defenses as may be properly available, "regardless of consistency and whether based on legal or equitable grounds." Here, Zelby properly pleaded alternative bases for relief, and dismissal of its unjust enrichment claim would be inappropriate as it presupposes the existence of a valid underlying contract. See Lass v. Bank of America, N.A., 695 F.3d 129, 140-141 (1st Cir. 2012) (although damages for breach of contract and unjust enrichment are mutually exclusive, "it is accepted practice to pursue both theories at the pleading stage," and trial judge "will be in a better position once the record is more developed to determine whether the unjust enrichment claim should survive"). See also Cooper v. Charter Communications Entertainments I, LLC, 760 F.3d 103, 112-113 (1st Cir. 2014). Accordingly, we reverse the judgment dismissing the complaint.

So ordered.